BUTTS COUNTY *v.* WRIGHT, administrator.

EVANS, P. J.　1. "All claims against counties must be presented for payment within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability." Civil Code (1910), § 411.

2. If a person who seeks to recover money from a county on the ground that the county officers illegally borrowed it from him, but that it was used for specified legitimate current expenses of a given year, has no claim against the county for money, he is not entitled to any recovery. If he has a claim for money against the county on that ground, whether he seeks to assert it by a suit for money had and received, or to set up that, under the circumstances, the law implied a contract to pay him what had thus been received and used for county purposes, in either event it is a claim against the county, and falls within the requirement of the statute quoted in the first headnote. *Maddox* v. *County of Randolph*, 65 *Ga.* 217.

(*a*) The suit was not brought within twelve months after the accrual of the right of action, and can not be urged as a substitute for or an equivalent of the presentation of a claim.

3. In the case at bar it did not appear that the claim had been presented in accordance with the statute; and therefore, if it would otherwise have been legal, it was barred.

4. As the county officers had no legal authority to borrow money and give notes for its future payment, the doing of these acts would not suffice as equivalent to a presentation of the claims required by the statute. The giving of the notes was an illegal promise to pay in the future. The presentation required by the statute contemplates present legal action.

5. The suit was to recover money which it was claimed had been borrowed and used to pay warrants. While there was a general averment of sub-

rogation, there were no such allegations as to show equitable owner-
ship or assignment of the warrants, so as to make the suit, in its es-
sence, one on such warrants and to render presentation of the claims
unnecessary.

6. As this ruling controls the case, it is unnecessary to discuss any con-
stitutional questions which may be involved.

7. Under the preceding rulings; it was erroneous to refuse to dismiss the
case on the ground of the demurrer which set up that the plaintiff's
claims were not presented within the time required by law.

*Judgment reversed. All the Justices concur, except Beck, J., absent, and*

HOLDEN, J., dissenting. 1. Where one loans to a county money which is
used by it in the discharge of its legally incurred liabilities for current
expenses, while no action can be maintained against the county by
the lender on the loan contract, the lender has a right of action against
the county to recover the money thus used by it, in the form of an action
for money had and received. *Butts County* v. *Jackson Banking Com-
pany,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 60 Am. St. R.
149) ; *Peed* v. *McCrary,* 94 *Ga.* 487 (21 S. E. 232). See, also, National
Bank *v.* Appleton, 216 U. S. 196 (30 Sup. Ct. 364, 54 L. ed. 443) ; 2 Pom.
Eq. Jur. 1720, 1721, and cit.

2. "The action for money had and received is an equitable action and ex-
tensively remedial. It lies, in all cases, where money is in the hands
of one, which in equity and good conscience should be paid to another."
*McCay* v. *Barber,* 37 *Ga.* 424; *Whitehead* v. *Peck,* 1 *Ga.* 140.

3. Where one loans to a county money which is used by it in the dis-
charge of its legally incurred liabilities for current expenses, which have
been properly audited and approved, and to recover the money thus
used the lender brings an action against the county for money had and
received, the suit does not involve a claim within the meaning of the
Civil Code (1910), § 411, declaring that "All claims against counties
must be presented within twelve months after they accrue or become pay-
able, or the same are barred, unless held by minors or other persons
laboring under disabilities, who are allowed twelve months after the
removal of such disability."

AUGUST 18, 1911.

Complaint. Before Judge Reagan. Butts superior court. July
7, 1910.

*W. Ernest Watkins,* for plaintiff in error.

*John R. L. Smith,* contra.