## Butts County *v.* Wright, administrator.

Beck, J.  So far as the plaintiff sets up a case based upon notes given by county officers for money borrowed, the notes being given for the future payment of the sum borrowed, it states, of course, an unenforceable contract, as the borrowing of the money and the giving of notes for future payment was a creation of a debt falling within the inhibition contained in the constitution against the creation of debts except upon complying with certain prerequisites stated in the constitution itself, none of which were complied with.  And in so far as it seeks to recover money from the county on the ground that, though the officers may have been guilty of illegal action in borrowing the sum from him and giving notes for future payment, nevertheless it was used for specified legitimate current expenses of a given year and was used to pay off county warrants duly issued for legitimate claims against the county, and therefore that the plaintiff stands in the place of those to whom the warrants were issued and should be permitted to assert his claim, the plaintiff stands in the position of one who, under the provisions of § 411 of the Civil Code, is the holder of a claim against the county which must be presented for payment "within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disabilities;" as was held in substance in the case of *Butts County* v. *Wright*, 136 *Ga.* 697.  And while an attempt is made, by amendment to the suit as it stood before that ruling, to meet that decision by alleging that the claims of the plaintiff were presented for payment within twelve months, this fails to meet the ruling there made, which held that "In the case at bar it did not appear that the claim had been presented in accordance with the statute; and therefore, if it would otherwise have been legal, it was barred." Taking the pleadings most strongly against the pleader, and construing the petition in its entirety, including the amendments, it is clearly inferable that the claims which the petitioner presented for payment were notes which could not be enforced and which were illegal promises to pay in the future, and it was not the presentation of valid claims made for the purpose of having them immediately paid.  For it appears that the notes, illegal in the first instance, were renewed by the giving of notes which were themselves illegal promises to pay, while, as held in the decision quoted above, "the presentation required by the statute contemplates present legal action;" and there was no allegation of presentation of a claim based on equitable ownership or assignments of warrants constituting valid claims against the county, so as to make the presentation of the claims measure up to the requirement of the statute announced in the ruling by this court when the case was here before. And in the absence of distinct averments of the presentation of valid claims against the county within the time prescribed by the statute, the petition was demurrable, and the court erred in holding otherwise.

*Judgment reversed.  All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 25, 1915.

Complaint. Before Judge Daniel. Butts superior court. September 10, 1913.

*W. E. Watkins,* for plaintiff in error.   *J. R. L. Smith,* contra.