CITY OF MARIETTA *et al. v.* DOBBINS *et al.; et vice versa.*

1. The court did not err in the judgment rendered, sustaining the demurrer in part and overruling it in part.
2. The court did not err in directing a verdict and rendering a decree based thereon, permanently enjoining the payment of a note executed by the municipality for the purpose of securing temporary funds for paving purposes, which was to be repaid by assessments against abutting-property owners; but the court is directed to modify the decree so as to allow the city to apply so much of said assessments as may be necessary to satisfy the equitable claim against the city for the money borrowed to pay the contractor for his work in paving the street, and which was so used.

Nos. 1616, 1617. SEPTEMBER 16, 1920.

Equitable petition. Before Judge Tarver. Cobb superior court. July 24, 1919.

Dobbins et al., by an equitable petition, prayed that the City of Marietta, its mayor and Council, the Frank Scarboro Co., the Merrill Road Improvement Co., and Merchants & Farmers Bank be enjoined from continuing the work of paving Atlanta Street until adequate sewerage facilities were installed therein adjacent to their abutting property; that the bank and Frank Scarboro Co. be enjoined from collecting or changing the status of a promissory note for $20,000, made by the city to Frank Scarboro Co.; that they be required to bring the same into court, and that it be de-

livered up and cancelled as void; and that the city be enjoined from renewing the note, paying the same, or levying any tax for that purpose. It was alleged, that two of the complainants had been induced, by fraudulent representations of the mayor that sewerage facilities would be installed before the laying of the pavement, to sign a petition requesting the paving of the street; that because of this fraud their signatures to the petition were void; that without them the petition lacked the requisite number of signers; that the note above mentioned, made by the city to Frank Scarboro Co. for the purpose of financing the paving, was void, because (a) it was intended to cover the entire cost of the paving, whereas the city was liable for but a small proportion, and the mayor and council were without authority under the charter of the city and laws of the State to create a debt binding upon the city for this purpose; (b) that it was in violation of art. 7, sec. 7, par. 1, of the constitution of Georgia, the total taxable property within the city for 1917 amounting to $3,500,000, permitting a maximum indebtedness without vote of the people of $7,000, and the outstanding indebtedness, incurred by the mayor and council without vote of the people, amounting at the time of the execution of this note (November, 1917) to some $35,000 over and above all resources; (c) that the total income of the city for 1917 which could be used for general purposes amounted to approximately $14,000, its floating indebtedness far exceeded this amount, and it had no funds or resources with which to discharge the note. The petition was demurred to generally on the ground that it did not set forth a cause of action or authorize the relief prayed; that it did not allege the making of any objection to the passage of the ordinance authorizing the improvement, by the complainants, or that they had within fifteen days thereafter begun legal proceedings for the purpose of preventing assessments being made against them on account of such improvement, and it would be conclusively presumed that they had accepted the terms of the ordinance and agreed to the assessment; that the plaintiffs were not entitled to any of the relief sought, none of them had any such interest in the subject-matter as would entitle them to file the petition, and they were estopped; that the petition is multifarious, in that it improperly joins distinct matters, injunction being sought to prevent the laying of the pavement and the

payment of the note. Special demurrers were interposed to the petition. An amendment to the petition alleged that the paving had been completed without provision for sewerage; that the city had assessed against the plaintiffs their pro rata of the cost of the paving; and was proposing to issue executions against them thereon, and prayed that the city be enjoined from collecting from plaintiffs any portion of the cost of the paving. When the case came on for trial an order was passed sustaining the demurrer, "except in so far as the petition prays the writ of injunction against the payment and collection of the Scarboro note." Evidence was adduced upon the only remaining issue, the validity of the note. At the conclusion of the plaintiffs' evidence the defendants moved to dismiss the petition, on the ground that it was not sustained by the evidence. This motion was overruled. The court directed a verdict permanently enjoining the city from paying and Frank Scarboro Co. from collecting the $20,000 note, and denying to the plaintiffs the relief sought against the assessments. The plaintiffs assign error on the judgment sustaining the demurrer, and upon the decree denying to them relief as to the assessments. The defendants assign error upon the judgment overruling a portion of the demurrer, upon the overruling of their motion to dismiss the petition, upon the rejection of evidence offered for the purpose of showing that the plaintiffs and the city had benefited by the paving, and upon the direction of the verdict.

J. Z. Foster and G. B. Gann, for City of Marietta et al.

D. W. Blair and Fred Morris, contra.

GILBERT, J. 1. By virtue of the authority of section 8 of the amendment to the charter of the City of Marietta (Acts 1917, p. 757), the mayor and council of the city duly passed an ordinance providing for the paving of Atlanta Street, and caused the same to be published as required by said act of the General Assembly, giving notice to the citizens to be affected thereby of the time when their objections might be heard. Said amendment to the charter, in the same section of the act, provides as follows: "After the passage of such ordinance any person, company, or corporation subject to assessment for the cost of such improvement, who does not, within fifteen days thereafter, begin legal proceedings to prevent said assessment being made, shall be conclusively presumed to have accepted the terms of said ordinance, and shall have

agreed that the assessment hereinafter provided for may be made. Thereupon it shall be the duty of said mayor and council to forthwith cause said improvement to be made in accordance with the plans and specifications as prepared. When completed an ordinance shall be passed assessing the cost of said improvement as provided in this act. The assessing ordinance shall thereupon assert a lien upon each portion of the property abutting upon such paving, repaving, or improvement, for the amount of the assessment, against the owner thereof, to date back to the approval of the original ordinance, and declare the same at the time said ordinance is passed." With reference to a demurrer interposed thereto the petition must be taken most strongly against the pleader. The petition in this case does not affirmatively show that the petitioners began legal proceedings to prevent the assessment being made for paving within fifteen days after the passage of the ordinance; and accordingly they are conclusively presumed to have accepted the terms of the ordinance and to have agreed that the assessment provided for might be made. This requirement of the act of 1917 may be analogized to section 411 of the Civil Code, which requires all claims against counties to be presented within twelve months after they accrue or become payable, which requirement has been held to be a statute of limitations in so far as it applies. *Dement* v. *DeKalb County,* 97 *Ga.* 733, 735, bottom of page (25 S. E. 382); *Butts County* v. *Wright,* 143 *Ga.* 253 (84 S. E. 443). The fact that one signed a petition for the laying of a pavement by a municipality, induced by a promise on the part of the mayor of the city, which promise was not fulfilled, does not constitute such fraud on the petitioner as will invalidate the legal effects of his petition. The court did not err in sustaining the demurrer to that part of the petition which attacked the validity of the assessments. Likewise, no reason having been shown why the contract with the Merrill Road Improvement Co. to do the paving was invalid, the court did not err in sustaining the demurrer to that part of plaintiffs' petition which sought to set that contract aside. The court did not err in overruling the demurrer to that portion of the petition seeking to enjoin the payment and collection of the note for $20,000, made by the city to Frank Scarboro Co. for the purpose of procuring funds with which to finance the

paving. The allegations of the petition in that respect set out a cause of action. None of the rulings on demurrer show error, and, other than those stated above, the remaining demurrers do not require special mention.

2. The petition alleged that in November, 1917, an ordinance was passed by the Mayor and Council of the City of Marietta providing for the pavement of Atlanta Street from Anderson Street on the north to Butler's or Dixie Avenue on the south. The contract was let for the paving during the same month, by the terms of which the paving was to be paid for, eighty per cent monthly as the paving progressed, and the balance within thirty days after the completion of the work and after the final estimate of the cost thereof had been submitted to the city. After the passage of the ordinance and letting of the contract the city executed its promissory note dated November 8, 1917, payable March 1, 1918, to Frank Scarboro Co. or order, in the sum of $20,000, secured by the assessments against the owners of abutting property, and hypothecated the same with Merchants & Farmers Bank of the City of Marietta. The ordinance under which the note for $20,000 was issued also provided "that the property-holders' notes or fi. fas. be indorsed over to the Merchants & Farmers Bank to be held as collateral to the above loan, and that all collections from the same be applied to the payment of said note, and to no other purpose." The work of paving the street was commenced at the intersection of Anderson and Atlanta Streets, having been begun some "two or three months" before the filing of the petition, March 28, 1918. On that date the street had been paved from Anderson Street to petitioners' property. The material had been purchased for the completion of the work. The petition was brought by five owners of abutting property, all of whom alleged that they acquiesced in the paving of the street upon the (verbal) assurance of the mayor that adequate sewerage facilities would be laid along said street in front of the petitioners' property before the paving was done, and that on account of such assurances of the mayor, which were not carried out, they had not taken steps to prevent the paving. The act amending the charter of the City of Marietta above referred to, among other things, authorized the city to improve any sidewalk, street, avenue, public alley, other public place or any portion

thereof upon the basis of assessment of a part of the cost against abutting-property owners, a part against street-railroads occupying the streets, and the balance to be paid by the city. By section 9 it was provided:. "That after the adoption of the ordinance provided for in section 8 of this act [a provision relating to an ordinance authorizing pavement of the street], a written statement shall be furnished by the clerk of the mayor and council of said city to each abutting owner, person, company, or corporation subject to the assessment herein provided for, showing his, her, or its pro rata part of such assessment, and it shall be the duty of such person, company, or corporation, so notified, to pay said clerk, within thirty days after the receipt of such statement, the entire amount of the assessment against such person, firm, or corporation; provided, that any person, firm, or corporation so notified shall have the right to pay the assessment so levied in five installments to be paid as follows: 20 per cent. within thirty days after the receipt of said notice and the remaining 80 per cent. in four annual installments of 20 per cent. each, such deferred payments to be evidenced by promissory notes bearing interest from date until paid at the rate of 7 per cent. per annum, payable annually, and to said mayor and council or order. The benefit of the payment by installment may be taken advantage of by any such property owner, company, or corporation by giving notes for the deferred payments as herein provided at the time of making the cash payment. In the event any property owner, company, or corporation shall desire to pay the balance due under such assessment after exercising the option to pay installments as hereinbefore provided, at any time before the maturity of such installments, such party so wishing and offering to pay shall pay the principal and interest due up to date of payment." The above act of the legislature .amending the charter of the City of Marietta was not attacked by either. side, and is therefore considered valid. The ordinance .providing for the pavement of the street was valid. The contract for that purpose was also valid. *City of Waycross* v. *Tomberlin,* 146 *Ga.* 504 (5), 506 (91 S. E. 560). But the note given by the city for money borrowed for the purpose of paying the contractor for his work in paving the street was a debt of the city contracted without authority given by an election held for that purpose, and therefore

was inhibited by the constitutional provision on the subject of the right of municipalities to contract debts. It follows that the muncipality could not be held liable on such note. It appearing, however, that the money for which the note was given was borrowed for the specific purpose of being used in payment for the work of the contractor in paving the street under valid legislative authority and ordinance and a valid contract, as above stated, and that it was so appropriated, it follows that the city in the circumstances stated was under an equitable obligation to apply all, or so much, of the assessment as was necessary for street paving for which the notes of the owners of abutting property had been given, or so much cash as may be collected on the fi. fas., towards the satisfaction of the claim made by the holder of the note of the city. But the city could not be held liable on the note as such, or on such equitable obligation, for any ultimate liability in the event such assessments should be inadequate to satisfy the obligation. This case is differentiated from the case of *Sanders* v. *Gainesville,* 141 *Ga.* 441 (81 S. E. 215), in that there the paving contract was held to be illegal and void because it was an effort on the part of the municipality to create a debt which fell within the constitutional inhibition on cities contracting debts without an election as the constitution requires, and that assessments made to pay such illegal debt were also void. In the case at bar the contract for paving was valid; for it was made under a valid act of the legislature, and a valid ordinance. It was there further held that the petitioners upon whose abutting property the assessments had been made were not estopped from attacking the contract as invalid, because they appeared before the city council and there objected to the paving of the street, and the making of the contract to have it done. In the case at bar all the petitioners had full knowledge that the paving was being done on the street upon which their land abutted, and took no steps to enjoin the prosecution of the work until it had been almost completed, merely on the verbal assurance of the mayor that a sewer would be laid adjacent to their property, before they filed their petition for injunction. The verbal assurances of the mayor or individual members of the council were not binding on the municipality. In these circumstances they were estopped, by their neglect and laches, from enjoining the appropriation of so much of the assess-

ments made against them as would be necessary to. satisfy and discharge the equitable obligation the city was under to repay the loan made for the purpose of paying the contractor for paving the street, and which was used for that purpose. *Holt* v. *Parsons,* 118 *Ga.* 895 (45 S. E. 690); *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). It is directed that the decree rendered be affirmed in so far as it provided that the petitioners were not entitled to an injunction to prevent the collection of the unpaid assessments against them, and also affirmed in so far as the city was enjoined from paying the note as such; but it is directed that the decree be so modified as to allow the city to apply so much of such assessments as may be necessary to satisfy the equitable claim against the city for the money borrowed to pay the contractor for his work in paving the street.

*Judgment affirmed, with direction. All the Justices concur.*