### FARMERS' LOAN & TRUST CO. OF NEW YORK v. WILCOX COUNTY, GA.

(District Court, S. D. Georgia. October 31, 1922.)

1. Counties ⬅171—Holder of note of county chargeable with notice of resolution referred to therein.

Where a note executed by a county for borrowed money refers, as authority for its issuance, to a resolution of the commissioners of roads and revenue, any purchaser of the note is chargeable with notice of whatever facts are shown by such resolution.

2. Counties ⬅153—Without power to borrow money in anticipation of taxes.

Under Const. Ga. art. 7, § 7, par. 1, a county is without power to borrow money in anticipation of the collection of taxes, and a note given for money so borrowed is not enforceable against the county.

At Law. Action by the Farmers' Loan & Trust Company of New York against Wilcox County, Ga. On demurrer to petition. Demurrer sustained.

John R. L. Smith and Grady C. Harris, both of Macon, Ga., for plaintiff.

Eldridge Cutts, of Fitzgerald, Ga., for defendant.

BARRETT, District Judge. This is a suit on a note reading as follows:

"Six months after date, for value received, Wilcox county, Georgia, promises to pay to W. H. Patterson, or bearer, at the Hanover National Bank, in the city of New York, N. Y., the sum of twenty thousand ($20,000.00) dollars, with interest thereon after maturity at the rate of 8 per cent. per annum.

"This note is issued in pursuance of a resolution duly adopted by the commissioners of roads and revenues of Wilcox county, Ga., at a meeting held on the 29th day of August, 1917, and duly signed by the chairman thereof as required by law.

"It is hereby certified and recited that each and every act, condition and thing required to be done, to have happened and to be performed precedent to and in the issuance of this note, has been done, has happened and has been performed in full and strict compliance with the Constitution and laws of the state of Georgia, and that this note is within every debt and other limit prescribed by law, and the faith, credit and resources of Wilcox county, Ga., are hereby irrevocably pledged to the punctual payment of this note, and any interest that may accrue hereon after maturity, according to its terms.

"If this note is not paid at maturity and is collected by an attorney, through legal procedure or otherwise, the holder hereof shall be entitled to 10 per cent. attorney's fees of the principal and interest thereof by giving notice and proceeding as provided by law.

"In witness whereof, Wilcox county, Ga., has caused its corporate name to be signed hereto by the chairman of its commissioners of roads and revenues, and its corporate seal to be hereto affixed and attested by its treasurer, this the 2d day of September, 1917.

"Commissioners of Roads and Revenues, Wilcox County, Ga.,
"By J. P. Doster, Chairman.
"[Seal Wilcox County, Georgia, Board County Commissioners.]
"Attest: D. M. King, Treasurer."

The resolution referred to in said note is as follows:

"Whereas, Wilcox county, Ga., desires to borrow the sum of $20,000.00 for a period of six months from September 2, 1917, and at a rate of interest not exceeding 8 per cent. per annum; and

"Whereas, said money is to be borrowed for the purpose of defraying expenses of said county in anticipation of collection of taxes:

"Now, therefore, be it resolved by the commissioners of roads and revenues of said Wilcox county, Ga., that the chairman of said commissioners of roads and revenues of Wilcox county, Ga., be authorized, empowered and instructed, and he is hereby expressly authorized, empowered and instructed, to borrow the sum of twenty thousand ($20,000.00) dollars for said Wilcox county, Ga., the same to be due and payable six months from September 2, 1917, and at a rate of interest not exceeding 8 per cent. per annum.

"Be it further resolved, by the said commissioners of roads and revenues of said Wilcox county, Ga., that to better secure the payment of said sum, together with any interest that may accrue thereon after maturity, the chairman of said commissioners of roads and revenues is hereby expressly authorized, empowered and instructed to execute the said county of Wilcox's note therefor, according to the terms mentioned above and to pledge the faith, credit and resources of said Wilcox county, Ga., to the punctual payment of said note, together with any interest that may accrue thereon after maturity, according to the above-mentioned terms.

"I hereby certify that the above is a true and correct copy of a resolution passed by the commissioners of roads and revenues of Wilcox county, Ga., at a meeting held the 29th day of August, 1917.
"N. M. Patten, Clerk.
"[Seal Wilcox County, Georgia, Board County Commissioners.]"

[1] The plaintiff relies upon the efficacy of the recitals in the note as conclusively establishing its validity, relying upon the principle con-

tained in the following and other cases: Gunnison County v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. 390, 43 L. Ed. 689; Waite v. Santa Cruz, 184 U. S. 302, 22 Sup. Ct. 327, 46 L. Ed. 552; Stanly County v. Coler, 190 U. S. 437, 23 Sup. Ct. 811, 47 L. Ed. 1126. If the recitals in the note made no reference to the resolution, the contention of the plaintiff would be well founded, and it would be entitled to recover.

[2] Inasmuch, however, as reference is made to the resolution, this plainly makes it the duty of the plaintiff to look to the resolution. If the resolution contained no preamble, but merely authorized the issuance of the note, the recitals in the note would be conclusive; but a part of the preamble is as follows:

"Whereas, said money is to be borrowed for the purpose of defraying expenses of said county in anticipation of collection of taxes."

If this preamble had omitted the language "in anticipation of collection of taxes," it is quite possible that the recital in the note of compliance with the law in all particulars would warrant the conclusion that the loan was a temporary loan to supply a casual deficiency in the revenue. The addition of these words, however, makes it plain that the purpose was not to supply a casual deficiency in the revenue, and therefore the obligation is in violation of the provisions of article 7, paragraph 1, section 7, of the Constitution of Georgia as interpreted by a number of Georgia cases, of which the following are sufficient: Wood v. Commissioners of Greene County, 60 Ga. 558, and Butts County v. Jackson Bank, 129 Ga. 801, 60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. Rep. 244.

Plaintiff argued that the recitals in the note were sufficient to warrant the conclusion that the obligation was authorized by election. This is not warranted. The whole basis of the note is the resolution. The resolution does not refer to an election, but recites that:

"Whereas, Wilcox county, Ga., desires to borrow the sum of $20,000.00 for a period of six months," etc.

The general demurrer is sustained, for the sole reason that the resolution shows that the loan was not to supply a casual deficiency in the revenue. The recitals are sufficient to protect against all other attacks, except as to attorney's fees, which are in no event collectible.