## FARMERS' LOAN & TRUST CO. OF NEW YORK v. WILCOX COUNTY, GA.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1924.)

No. 4363.

Counties ☞200—Claim against county, not presented within 12 months of accrual, held barred by Georgia statutes.

Claim against county by payee of void note, for money used by county and paid out on outstanding valid warrants, even if enforceable against county, was barred under Civ. Code Ga. 1910, § 411, where not presented within 12 months after accrual.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit in equity by the Farmers' Loan & Trust Company of New York against Wilcox County, Ga. From a decree of the District Court (298 F. 772), dismissing its petition, plaintiff appeals. Affirmed.

Jno. R. L. Smith, of Macon, Ga., for appellant.

Eldridge Cutts, of Fitzgerald, Ga. (Harry A. Hodges, of Rochelle, Ga., and Eldridge Cutts, of Fitzgerald, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This appeal is from a decree dismissing a bill in equity filed in September, 1923, by the appellant against the appellee, Wilcox county, Ga. The appellant was the plaintiff in a suit against the same county on an alleged note executed by the county's officials in September, 1917, which suit resulted in a judgment in favor of the county; the instrument sued on being held to be void, on the ground that the borrowing it purported to evidence contravened a provision of section 7 of article 7 of the Constitution of Georgia. Farmers' Loan & Trust Co. v. Wilcox County, Ga. (D. C.) 284 F. 856; Id. (C. C. A.) 287 F. 809. The claim asserted by the bill in the instant case was based on allegations to the following effect:

After the money paid by the payee of the above-mentioned note was received by the appellee's board of county commissioners, and by them was delivered to and received by L. F. Nance, the treasurer of said county, that money "was, by said L. F. Nance, purporting to act as county treasurer of defendant, turned over to holders and owners of lawful and valid warrants of defendant, issued by authority of said board of commissioners, requiring said treasurer to pay several amounts to sundry persons, respectively, on account of lawful and valid claims for lawful, legitimate expenses of defendant." The claims on account of which the warrants mentioned were issued had been duly presented to appellee's board of county commissioners, and had been by that board audited, approved, and registered as required by law as just and lawful claims against appellee. A list of said warrants, showing the dates when they were issued, the board's numbers thereof, the treasurer's numbers thereof, the amounts thereof, and the fund against which they were drawn, was made an exhibit to the bill.

The action of the court in dismissing the bill was based on several grounds, one of those grounds being that the claim asserted by the bill was barred by the following Georgia statute: "All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability." Civil Code Ga. 1910, § 411.

The claim made by the bill in this case is based on the disposition of the money paid for the void note, after that money had passed from the possession and control of the payee of that note and was in the hands of the county treasurer. So far as appears, the asserted claim was not presented or in any way made known to the appellee or any of its officials within 12 months after the doing of the acts which are relied on as having the effect of giving rise to that claim. The accrual of the asserted claim against the county is attributed to the act of the county treasurer in making the alleged use of money received and held by him in his official capacity. The averments of the bill are consistent with the conclusion that more than 12 months elapsed after the alleged use of the money by the county treasurer before the appellant had or manifested a purpose to rely on that conduct as a basis for a cause of action in its favor against the appellee. Assuming that the alleged conduct of the county treasurer resulted in the accrual in favor of the appellant of an enforceable claim against the county, we are of opinion that the above set out statute gives to the failure to present that claim within 12 months after it accrued the effect of barring it. Butts County v. Wright, 136 Ga. 697, 71 S. E. 1046; Id., 143 Ga. 253, 84 S. E. 443; Maddox v. County of Randolph, 65 Ga. 217.

The above-stated conclusion makes it un-

2 F.(2d)—30

necessary to consider other grounds which are relied on to sustain the action of the court in dismissing the bill.

The decree is affirmed.