## BAKER *v.* ROCKDALE COUNTY.

HINES, J. 1. Art. 7, sec. 7, par. 1, of the constitution of this State is in part as follows: "The debt hereafter incurred by any county, municipal corporation, or political division of this State, except as in this constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein, and no such county, municipality, or division shall incur any new debt except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof voting at an election for that purpose, to be held as may be prescribed by law." Civil Code (1910), § 6563, 10 Park's Code Supplement 1922, § 6563.

2. County commissioners have no authority to contract in behalf of a county for a loan of money (not to supply casual deficiencies of revenue) to be used in defraying current expenses, although the general design be to discharge the notes given for such loan from the anticipated revenue of the current year. *Dent* v. *Cook*, 45 *Ga.* 326; *Wood* v. *Com-*

*missioners of Greene County*, 60 *Ga.* 556; *Hall* v. *County of Greene*, 119 *Ga.* 253 (46 S. E. 69); *Butts County* v. *Jackson Bkg. Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244); *McCord* v. *City of Jackson*, 135 *Ga.* 176 (69 S. E. 23); *City of Marietta* v. *Dobbins*, 150 *Ga.* 422 (104 S. E. 444).

3. When facts upon which a county can borrow money are not to be ascertained by the officers charged with the duty, but are matters of public record, no constitutional or legislative intent to authorize these officers to make conclusive recitals of such facts will be inferred, and lenders of money to the county can not rely on recitals in· notes given by the county, but to protect themselves must search the records which will reveal the truth. Dixon County *v.* Field, 111 U. S. 83 (4 Sup. Ct. 315, 28 L. ed. 360); Sutliff *v.* Lake County, 147 U. S. 230 (13 Sup. Ct. 318, 37 L. ed. 145); Commercial T. Co. *v.* Laurens County, 267 Fed. 901.

4. The county having no authority to borrow money to meet a casual deficiency of revenue in excess of one fifth of one per cent. of the assessed value of the taxable property within its limits, an issue of notes in excess of such limit is void, since the tax-digest of the county will show the assessed valuation. Buchanan *v.* Litchfield, 102 U. S. 278 (26 L. ed. 138); Lake County *v.* Graham, 130 U. S. 674 (9 Sup. Ct. 654, 32 L. ed. 1065); Lake County *v.* Rollins, 130 U. S. 662 (9 Sup. Ct. 651, 32 L. ed. 1060); Doon Township *v.* Cummins, 142 U. S. 366 (12 Sup. Ct. 220, 35 L. ed. 1044); Nesbit *v.* Riverside Independent Dist., 144 U. S. 610 (12 Sup. Ct. 746, 36 L. ed. 562); 19 R. C. L. 1019, § 312. This is especially true where the debt limit is fixed by the constitution, because the county, having no power to borrow to meet a casual deficiency in excess of such limit, can not do the same thing indirectly by making recitals which will estop the county from denying that such loan is in excess of such limit. Dixon County *v.* Field, supra; Lake County *v.* Graham, supra; Hedges *v.* Dixon County, 150 U. S. 182 (14 Sup. Ct. 71, 37 L. ed. 1044); McPherson *v.* Foster, 43 Iowa, 48 (22 Am. R. 215); Decorah Bank *v.* Doon, 86 Iowa, 339 (53 N. W. 301). There is nothing to the contrary of what is said above, in *Town of Climax* v. *Burnside*, 150 *Ga.* 556 (104 S. E. 435). In that case the town undertook to defend a suit on one of its bonds, on the ground that the validation of an issue of its bonds, including the one sued on, was void because the validation took place in a county other than the one in which the town was located, and that there were certain irregularities in the election authorizing the issue of the bonds. In this case total want of authority to issue the note is shown.

5. Any circumstances which would place a prudent man upon his guard, in purchasing negotiable paper shall be sufficient to constitute notice to a purchaser of such paper before it is due. Civil Code (1910), § 4291. The recitals in the resolution and statement attached to the note sued upon were sufficient to put the purchaser upon his guard; and he is chargeable with notice of all facts to which due inquiry would have led. These recitals are, (1) that this money was borrowed to meet in part current expenses of the county, which made the loan illegal, (2) that the county was "to execute and deliver notes . . for such loan," thus at least suggesting that there were other notes than the one sued upon, (3) that the information in said statement was submitted

"for the purpose of obtaining a loan of $15,000.00," (4) that the assessed value of the taxable property was $2,670,652, which would not authorize a loan of $15,000 to meet a casual deficiency in revenue, and (5) that the resolution authorized a loan for a blank sum.

6. Under the above rulings, a verdict in favor of the county was demanded under the evidence; and this renders it unnecessary to pass upon other assignments of error in the motion for new trial.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and HILL, J., who dissent from the ruling of the majority of the court, for the reasons given in the opinion of Russell, C. J., in the case of *Citizens Bank of Moultrie* v. *Rockdale County,* 156 *Ga.* 500, 501 (119 S. E. 322).

No. 4784. NOVEMBER 13, 1925.

Complaint. Before Judge Hutcheson. Rockdale superior court. February 21, 1925.

*C. C. King* and *Erle B. Askew,* for plaintiff.

*Jones, Park & Johnston* and *J. H. McCalla,* for defendant.