### 16573. ALLISON *v.* NUNN.

BELL, J. If, as claimed by the vendee, the vendor, in the sale of all of the timber on a certain tract of land, by the misrepresentations of her husband, as her authorized agent, as to the location of one of the boundaries of the tract, and thus as to the extent and contents thereof, was enabled to sell and did sell to the vendee, at a fixed price, a tract of timber which was materially smaller than the vendee would have obtained in the transaction if the representations had been true, the vendee was defrauded in so far as the agreed purchase-money represented the price of the deficiency, whether the vendor or her husband knew the representations were false or not, provided they were accepted and relied upon as true by the vendee in making the purchase.

In the present action by the vendor for the recovery of the unpaid balance of the purchase price, to which the vendee pleaded loss and damage as a result of the misrepresentations of the plaintiff's husband and agent, as to the location of one of the boundaries, there was enough evidence, to have authorized a finding that the plaintiff's husband and agent impliedly professed to know the location of the boundary in question and undertook to point it out, and that the vendee justifiably acted and relied upon the information thus furnished to him in making the purchase, to his loss and damage in some amount. It was therefore error to direct a verdict in favor of the plaintiff for the amount sued for. Civil Code (1910), § 4623; *Walters* v. *Eaves*, 105 *Ga.* 584 (2) (32 S. E. 609); *Smith* v. *Kirkpatrick*, 79 *Ga.* 410 (2) (7 S. E. 258); *Folsom* v. *Howell*, 94 *Ga.* 112 (2) (21 S. E. 136); *Brannen* v. *Brannen*, 135 *Ga.* 590 (1) (69 S. E. 1079); *Edenfield* v. *Rountree*, 33 *Ga. App.* 444 (126 S. E. 731).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 17, 1925.

Attachment; from city court of Swainsboro—Judge Herrington. April 28, 1925.

*Arthur W. Jordan,* for plaintiff in error.

*T. N. Brown,* contra.