## 16346. Nix *et al.* v. Citizens Bank of Moultrie.

Bell, J. The bank sued the County of Rockdale on a negotiable promissory note executed by the county commissioners in behalf of the county, payable to another person or order, which the plaintiff had purchased before maturity. In *Citizens Bank of Moultrie* v. *Rockdale County,* 152 *Ga.* 711 (111 S. E. 434), the petition was held good as against demurrer. The county, however, prevailed upon the final trial of the case, and the verdict and judgment in its favor was affirmed by operation of law because the Justices of the Supreme Court were equally divided. 156 *Ga.* 500 (119 S. E. 322). For a description of the note and a statement of the recitals therein and a copy of the resolution by the county commissioners, which was attached thereto, see 152 *Ga.* 712, 713 (111 S. E. 434). As to the contents of a further exhibit which was

---

Bills and Notes, 8 C. J. p. 1063, n. 70.

Counties, 15 C. J. p. 478, n. 31; p. 666, n. 79 New.

Evidence, 23 C. J. p. 50, n. 63.

Fraud, 26 C. J. p. 1106, n. 18.

New Trial, 29 Cyc. p. 833, n. 61.

attached to the note at the time the plaintiff purchased it, see 156 *Ga.*
509, 525 (119 S. E. 322). The bank, after failing in its effort to
recover against the county, brought against the county commissioners
as individuals the present action for fraud. The latter suit resulted
in a verdict for the defendants. The court granted the plaintiff a new
trial, and the defendants excepted. *Held:*

1. Even though the defendants may have been exercising a judicial or
   quasi-judicial function, when, as commissioners, they passed the resolu-
   tion determining the existence of a casual deficiency, and might not be
   held liable because their conclusion as to this matter was unfounded
   and false, they were not acting in such capacity when thereafter they
   inserted in the note executed by them a false recital that it was *within
   the amount* which the county could borrow to meet such casual defi-
   ciency. To any person relying and having a right to rely on the truth
   of such recitals and damaged thereby they would be liable. 23 A. & E.
   Enc. Law (2d ed.), 376; Robinson *v.* Rohr, 73 Wis. 436 (40 N. W. 668,
   2 L. R. A. 366, 9 Am. St. Rep. 810).

2. Even assuming that under the true law the plaintiff bank should have
   recovered against the county, it can not for this reason be said that the
   plaintiff was not damaged by the defendants' misrepresentation. The
   bank was not obliged to sue the county in the first instance. It could
   have sued either the county or the present defendants, or could have
   sued both in separate actions. "A plaintiff may pursue any number of
   consistent concurrent remedies against different persons until he ob-
   tains a satisfaction from some of them." Civil Code (1910), § 5522.

3. The fact that, in addition to the certified copy of the resolution of the
   board of commissioners there was attached a financial statement of the
   county, an examination of which might have led to a discovery that
   the indebtedness of which the note formed a part was in excess of the
   amount which the commissioners had the power to borrow, would not,
   as a matter of law, preclude a recovery against these defendants.
   Whether, under these circumstances, the plaintiff could have discovered
   the falsity of the representations by the exercise of proper diligence
   would be a jury question. Knox *v.* Aspinwall, 62 U. S. 539 (16 L. ed.
   208); *Briesenick* v. *Dimond*, 33 *Ga. App.* 394 (126 S. E. 306), and
   cases cited. See also the opinion by Mr. Chief Justice Russell in 156
   *Ga.* 500 (119 S. E. 322). This is true irrespective of whether the same
   rule might obtain in an action against the county. See, in this con-
   nection, the opinion of Mr. Justice Hines in the case just cited, and
   *Baker* v. *Rockdale County*, 161 *Ga.* 245 (130 S. E. 684).

4. Misrepresentations of a material fact, made wilfully to deceive, or
   recklessly without knowledge, and acted on by the opposite party, or
   made by mistake and innocently and acted on by the opposite party,
   constitute legal fraud. Civil Code (1910), § 4623; *Allison* v. *Nunn*,
   34 *Ga. App.* 561 (130 S. E. 364).

5. Under the facts of this case it is immaterial that the defendants did
   not intend to injure the plaintiff or any one. It is also immaterial
   that they did not know that the plaintiff would purchase the note.
   *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 567 (16) (44 S. E. 97); *Young*
   v. *Hall*, 4 *Ga.* 95 (4).

6. The plaintiff's cashier, who testified as a witness in its behalf, was not
   a party, and the rule that the testimony of a party given in his own

behalf is to be construed most strongly against him was not applicable to the testimony of this witness. *Reaves* v. *Columbus &c. Co.*, 32 *Ga. App.* 140 (2) (122 S. E. 824).

7. The jury could have found that the plaintiff relied upon the representation, and had a right to rely upon it, and was not negligent in failing to ascertain the truth, and that it was damaged in the sum claimed.

8. Since the verdict in favor of the defendants, under the law and the evidence, was not demanded, the court did not err in granting a first new trial.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
>                    DECIDED FEBRUARY 16, 1926.

Deceit; from Rockdale superior court—Judge Hutcheson. February 21, 1925.

Application for certiorari was denied by the Supreme Court.

*J. R. Irwin, J. H. McCalla, Jones, Park & Johnston,* for plaintiffs in error.

*James L. Dowling, Erle B. Askew,* contra.