# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 95-50408
Summary Calendar
_____

KENNETH RAY SIMS,

Plaintiff-Appellant,

versus

BRIAN K. ROWE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-94-CV-357)

_____

(September 25, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner Kenneth Ray Sims filed a *pro se, in forma pauperis* civil rights complaint, 42 U.S.C. § 1983, against correctional officer Brian Rowe alleging that Rowe confiscated his headphones and antenna during a routine search and that the property has not been returned. On December 13, 1994, the district court issued an order stating: "[i]n the instant case Plaintiff's

---

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

claims may support a state tort claim, however, they wholly fail to rise to the level of a constitutional violation. This action should therefore be dismissed pursuant to 28 U.S.C. § 1915(d) on the grounds that it is legally frivolous." Additionally, the district court noted that Sims had been warned about filing frivolous lawsuits and, therefore, ordered him to show cause why the costs of the suit should not be taxed against him.

In response to the show cause order Sims filed objections to the district court's order in which he alleged that the headphones and antenna were confiscated in retaliation for his exercising his constitutional right to access to the courts. He did not address the issue of whether costs should be taxed to him. Without considering the allegations of retaliation, the district court entered a final judgment dismissing the action as frivolous and ordered Sims to pay $120 in costs. The district court also ordered the clerk of the court not to accept new filings until Sims has paid the sanction or received leave of court to file a complaint. We affirm.

## DISCUSSION

A complaint filed *in forma pauperis* can be dismissed by the district court *sua sponte* if the complaint is frivolous. 28 U.S.C. § 1915(d); *Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir. 1986), *partially rev. on other grounds*, *Booker v. Koonce*, 2 F.3d 114, 114-15 (5th Cir. 1993). A complaint is frivolous if it lacks an arguable basis in law or fact. *Ancar v. Sara Plasma, Inc.*, 964

2

F.2d 465, 468 (5th Cir. 1992). This court reviews the district court's dismissal for an abuse of discretion. *Id.*

The district court dismissed this action as legally frivolous based on well established constitutional principles which provide that an individual cannot state a cognizable due process claim if a meaningful post-deprivation remedy is available to address a property loss. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3202-04 (1984). Texas provides an adequate post-deprivation remedy, and, therefore, the district court did not abuse its discretion in dismissing the action as legally frivolous. *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).

Additionally, although a party is permitted to amend his pleading once as a matter of right before a responsive pleading is filed, FED. R. Civ. P. 15(a); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979), a plaintiff may not amend his complaint if the district court has dismissed the action. *Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992). In his objection to the district court's December 13 order, Sims failed to address the court's order to show cause concerning the imposition of costs, but newly alleged that Rowe confiscated his property in retaliation for exercising his right to access to the courts. This pleading could have been construed as a motion to amend the complaint. *Compare Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972)(memorandum in opposition to motion for summary judgment raising new allegations should have been construed as an amendment

3

to the complaint). However, since the district court had dismissed the action there was no cause of action for Sims to amend, *Whitaker*, 963 F.2d 834, and, therefore, the district court was not required to consider the issues in the subsequent pleading.[1]

### CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[1] To the extent Sims appeals the denial of injunctive relief, his quest is vain in light of the dismissal.