MORRIS *et al.* v. LUNSFORD *et al.*

No. 8983.   November 21, 1932.   Rehearing denied January 14, 1933.

*W. B. Hartsfield,* for plaintiffs.
*McElreath & Scott,* for defendants.

Hill, J.   J. H. Morris and Mrs. J. H. Morris brought a petition for injunction against E. Lunsford and William O. Wilson, trading

as Lunsford-Wilson Company, alleging as follows: The petitioners are the joint owners of valuable real estate used for residential purposes, located at No. 787 Stewart Avenue. Defendants own a tract of land about two hundred feet from the property of plaintiffs, and diagonally across the street. The property of plaintiffs is zoned under the city zoning ordinance as "Class U-1, Dwelling House," and one hundred feet of the property of defendants is zoned as "Class U-3, Business." The defendants applied to the inspector of buildings of the City of Atlanta for a permit to erect an ice-manufacturing plant on their property, which permit was refused; the defendants then applied to the Board of Zoning Appeals, which board rejected the appeal; the defendants thereupon, on November 27, filed their petition with the Mayor and General Council of the City of Atlanta, asking that their property be rezoned from a business use to an industrial use, so as to permit the erection of an ice-manufacturing plant, which petition was referred to the City Planning Commission for their investigation and action, which board recommended to the mayor and council that the petition be refused; and the mayor and general council have not as yet finally acted on said petition. Notwithstanding the action as above set forth, the defendants are proceeding with the erection of their ice plant, in violation of the zoning laws of the city. Such an industry is required to operate night and day, including Sundays. The running of the machinery creates a large amount of objectionable noise, and the handling of the ice, the loading platforms, the congregation of drivers, peddlers, and others with motor-trucks, horses, and wagons, at all hours, will constitute a continual nuisance which will make impossible the use of petitioners' property for residential purposes. In the manufacture of ice various gases are used, which constitute a constant hazard and an objectionable and dangerous odor to those living near the plant. Petitioners have no adequate remedy at law. They pray that the defendants be enjoined from erecting the ice plant; and for general relief.

The defendants filed a demurrer and an answer. At interlocutory hearing the evidence was conflicting. The judge did not expressly pass upon the demurrer, but dissolved the restraining order and refused an interlocutory injunction. The plaintiffs excepted.

It appears from the record that the district in which the defendants proposed to erect an ice plant was within what is known as a

"business district," which authorized the construction of buildings other than those that are permitted in "industrial districts." When permission was asked by the defendants to erect the ice plant, the building inspector refused a permit. There was an appeal by the defendants to the Board of Zoning Appeals, and this board on hearing affirmed the decision of the building inspector. The ordinance of the city, passed in pursuance of the zoning law, in section 21, provides that "Any decision of the inspector of buildings made in the enforcement of this ordinance may be appealed to the Board of Zoning Appeals by any person claiming to be adversely affected by such decision," etc. After this appeal was disposed of, the defendants applied to the city council to have the district in which it was proposed to erect the ice plant rezoned so as to authorize the erection of industrial plants within such zoned area. This application is still pending. Subsequently the building inspector, on the advice of the city attorney, granted a building permit to the defendants to erect the ice plant in question; upon what authority the record does not show. When this was done and the defendants were proceeding to erect the ice plant, the plaintiffs brought the present petition.

In the present state of the record, we are of the opinion that the court erred in refusing an injunction. When the building inspector refused to grant a permit to build the ice plant, and this refusal on appeal was affirmed by the board of zoning appeals, and the property had not been zoned for industrial purposes, the building inspector could not issue a permit, the conditions remaining the same. The judge erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur.*