BARTON *v.* HARDIN *et al.*

JENKINS, Chief Justice. 1. A county acts under delegated powers, and has only such powers as are conferred by statute. *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503 (30 S. E. 270); *Town of Decatur* v. *DeKalb County*, 130 *Ga.* 483, 487 (61 S. E. 23); *Bowers* v. *Hanks*, 152 *Ga.* 659 (111 S. E. 38); *McCrory Co.* v. *Board of Commrs. of Fulton County*, 177 *Ga.* 242 (170 S. E. 18).

2. The Board of County Commissioners of Roads and Revenues, as the governing body of Richmond County, Georgia, has no inherent authority

to enact zoning ordinances, and is limited in this respect to the specific authority conferred by statute (Ga. L. 1937-38, pp. 414, 415), which as amended (Ga. L. 1939, pp. 406, 407) is as follows: Said Commissioners "are hereby authorized to pass zoning and planning laws whereby such county or counties may be zoned or districted for various uses and other or different uses provided· therein, and regulating the use for which said zones or districts may be set apart and regulating the plans for development and improvements of real estate therein. Provided, however, no zone or district may be created or established without the consent given by written petition signed by the owners of fifty-one per cent of the real property within the area zoned or districted."

(a) The authority to zone or district, as thus conferred under the above statute, is limited to the creation or establishment of such zones or districts in the first instance, and contains no authority either express or implied to make thereafter any exception with respect to the status of the particular district as already zoned, by amending or repealing in whole or in part the zoning ordinance enacted in accordance with the authority delegated by statute. The statutory authority given to a particular class of counties, as above quoted, differs from that granted various other counties and that given municipalities where the statute specifically authorized the governing body either through the creation of a board of zoning appeals, or other similar body, to make changes and exceptions, or to amend or modify the classifications of areas already zoned; and in so doing a well-defined procedure is established to effect such ends. See *McCord* v. *Ed Bond & Condon Co.*, 175 *Ga.* 667 (165 S. E. 590, 86 A. L. R. 703); *Kitchings* v. *Hennessee*, 73 *Ga. App.* 848 (38 S. E. 2d, 431); *Morris* v. *Lunsford*, 176 *Ga.* 49 (167 S. E. 297); *Lewenstein* v. *Brown*, 200 *Ga.* 433 (37 S. E. 2d, 332).

(b) While the general principle that there can be in an existing law no vested right ,which precludes its change by authorized legal authority, and the further general principle that the establishment of continuing legislative supervision includes the power to amend, subject, of course, to certain constitutional inhibitions such as the extinguishment of vested rights acquired under former law, or the impairment of the obligations of contract, or denial of due process (50 Am. Jur. 62, § 45), are recognized—still, such principles can not have controlling application in the instant case, where the power to legislate was delegated to county authorities for the one stated specific purpose of zoning or districting areas within the jurisdiction of such governing body, with no continued supervision and control over its action once taken. This is true for the reason that, in the legislative grant as made in the instant case, the authority thus to legislate contemplates an overall scheme whereby the areas affected by such local legislation where once dealt with might grow and expand in accordance with a fixed and definite plan, affording protection and security to property owners from the vagaries inherent in the expansion of business, industrial, and residential areas. It would, therefore, be unreasonable to assume, in the absence of specific statutory provision, that the legislature intended to grant local governing bodies continued legislative authority by implication to effect just the opposite result by an unlimited and unbridled discretion to change by making exceptions to the work already done, by the process of amendment,

which would result inevitably in a mere ephemeral security with respect to any area already carefully zoned in accordance with the authorized long-range plan. However, this limitation upon the legislative right of local authorities to enact zoning laws does not preclude enlargement of their authority, should the legislature at any time see proper to extend the one authority already conferred by conferring upon such counties the right to change or amend its original zoning ordinances, and in so doing establish a definite procedure to accomplish that purpose. Without such statutory authority so to do, however, the county commissioners of roads and revenue can not do so by any implied right of amendment inherent in the grant of authority to legislate with respect to the subject of zoning.

(c) The ruling in this division of the opinion is not contrary to any ruling in the case of *Schofield* v. *Bishop*, 192 *Ga.* 732 (16 S. E. 2d, 714), which is urged as requiring a contrary ruling. While the statutory authority to enact zoning laws in that case was granted in much the same language, and in effect can be said to be the same as that conferred by statute in the instant case, in the *Bishop* case the ordinance under attack was one zoning a particular area in the *first instance* into a residential district, and the attack made upon it was, among other constitutional grounds, that the ordinance was arbitrary and unreasonable. The question in that case in nowise related to whether the zoning authority had the right to make an exception to what it had once done by undoing at the request of a movant a valid zoning provision affecting the movant's property. The court held that the municipality is not required to zone the entire territory of the city all at one time, but that a large section originally left entirely unzoned could subsequently be dealt with. Thus no question was presented in that case, as is here made, touching the right of the governing body to amend or repeal a valid zoning ordinance with respect to a territory already zoned, where no specific statutory authority so to do was given. There are also other cases of a similar character, where no statutory authority is conferred to amend or make exceptions to valid zoning ordinances, and which involve only questions pertaining to the constitutionality and the reasonableness of such original zoning ordinances. All of such cases are, therefore, clearly distinguishable from the present case. See *Howden* v. *Savannah*, 172 *Ga.* 833 (159 S. E. 401); *Enzor* v. *Askew*, 191 *Ga.* 576 (13 S. E. 2d, 374); *Snow* v. *Johnson*, 197 *Ga.* 146 (28 S. E. 2d, 270).

3. In the instant case, there exists a zoning ordinance, the validity of which is not attacked, enacted by the Board of Commissioners of Roads and Revenues of Richmond County, by which a specified area of that county was zoned to prohibit within the limits of such area the operation of various business enterprises including "auto junk yards or places where second-hand automobiles are stored for sale, all beer joints, beer parlors, or places selling beer within said limits, and all garages, shops or places of amusements other than those now in operation." It follows, under the ruling in division 2 (a) above, that said Commissioners of Richmond County were without authority to amend said valid ordinance by rezoning an isolated strip of said area so as to permit it to be used "for manufacturing, garage and filling stations, automobile, truck and trailer sales and show rooms and for machine and welding shops."

4. "A property owner residing in that portion of a municipality in which a zoning ordinance is of force may properly apply for an injunction against the use of an existing structure, and operation of a business within the restricted area, in violation of the ordinance." *Snow* v. *Johnson,* 197 *Ga.* 146 (supra).

5. Under the foregoing rulings, the trial court erred in sustaining general demurrers and dismissing the petition of the plaintiff property owner, residing within the area that had been zoned under a valid ordinance, which petition complained of a resolution by the county commissioners authorizing an amendment to such valid ordinance, by reason of which action one of the defendants had been granted a license to construct, and had actually undertaken the construction of a "concrete-block machine shop, welding shop," in violation of said existing ordinance.

*Judgment reversed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*

No. 16238.   JUNE 18, 1948.   REHEARING DENIED JULY 16, 1948.

*Nathan Jolles* and *W. D. Lanier,* for plaintiff.

*Pierce Brothers, Wallace B. Pierce,* and *Franklin H. Pierce,* for defendants.