WHIPKEY *et al. v.* TURNER *et al.*

No. 16886. JANUARY 9, 1950. REHEARING DENIED FEBRUARY 17, 1950.

414

*Douglas, McWhorter & Adams, George G. McCoy, Edward M. Hester,* and *A. Leopold Alexander,* for plaintiff in error.

*Fred A. Tuten, Julius S. Fine,* and *John J. Hennessy,* contra.

HEAD, Justice. ■ The first question for determination is the ruling upon the demurrers. Under the allegations of the petition

it clearly appears that no cause of action was stated against the city. It was not alleged that the city was doing, or would do, any further act with reference to the passage of an ordinance or the granting of a building permit in the zoned area. The city had already acted, after advertisement, notice, and public hearings. There were no allegations in the petition to show that the city had any interest in the construction of the drugstore building. Courts can not restrain that which has already been done; and it appearing from all of the allegations of the petition that the acts of the city complained of were fully consummated, there were no grounds for injunction against the city, and the court erred in overruling the general demurrers of the city. Code, § 55-110; *Hapeville-Block Inc.* v. *Walker*, 204 *Ga.* 462 (50 S. E. 2d, 9), and cases cited.

The plaintiffs allege that the ordinance purporting to amend zoning area "J" is void, and that, consequently, the building permit is void. Treating this allegation as true, the petition does not allege any act or thing done by the defendant Whipkey pursuant to the ordinance or building permit, which would result in injury or damage to the plaintiffs. It is not alleged that the defendant is constructing, or has made any move to construct, a drugstore on such premises. A general demurrer to a petition admits as true all well-pleaded allegations of fact; but on general demurrer the petition is measured by its allegations and not by facts which are known to the court, or which may subsequently be developed, either by an admission in the defendant's answer, or by evidence presented upon a trial. Measured by its allegations, the petition failed to show any present act by the defendant Whipkey which would authorize the grant of an injunction, and it was error to overrule the general demurrer to the petition. *Wallace* v. *Atlanta*, 200 *Ga.* 749 (38 S. E. 2d, 596).

■ The foregoing rulings would dispose of the writ of error. The plaintiffs, however, would have the right to amend their petition at any time before the judgment of this court is made the judgment of the trial court. From the allegations contained in the answer of the defendant Whipkey, and from the evidence produced on the hearing, it appears that the petition could be amended to allege a cause of action, and the case brought to this court a second time. Evidence having been introduced, and the

merits of the issue being thus before the court, we deem it advisable to rule upon the second assignment of error, the grant of an interlocutory injunction. If, under the evidence, the plaintiffs are not entitled to injunctive relief, a final disposition might be made of the cause.

The defendant Whipkey's answer and the evidence introduced both raise the issue as to whether or not the plaintiffs would be estopped from seeking to enjoin further acts by Whipkey. The defense of estoppel is not specifically designated in the answer of Whipkey. As a general rule estoppel, to be relied upon, must be pleaded. *DeVore v. Baxter*, 155 *Ga.* 109 (116 S. E. 610); *National Land & Coal Co.* v. *Zugar*, 171 *Ga.* 228 (155 S. E. 7). It is not necessary, however, that the pleader should use the word "estoppel," where the allegations are sufficient to show that, in fact, estoppel is an applicable defense. *Broderick* v. *Reid*, 164 *Ga.* 474 (139 S. E. 18). The answer of the defendant and the evidence both show sufficient facts to constitute an estoppel. No fact is alleged in the answer, nor does any fact appear from the evidence which would preclude the defendant from the defense of estoppel, either by a violation of the law or by the fraud of the defendant. *McDougald* v. *Bellamy*, 18 *Ga.* 412 (6). On the contrary, it appears that the defendant acted in good faith. After a survey of the territory wherein the building was to be erected, and a petition presented to him containing the names of certain residents of the territory, Whipkey agreed to erect a drugstore, provided permission might be obtained from the city. The contract to purchase property for this purpose was conditioned upon a rezoning of the property by the city authorities. Notice of the application for rezoning appears to have been given by the city, and three public hearings were had upon the application. The plaintiffs, or some of them, were present at such hearings and protested before the committee. The survey, the petition, and the hearings extended over a period of several months. The plaintiffs had ample knowledge of the entire proceedings. Yet it appears from the response of Whipkey, and from the evidence, that after the property was rezoned and a building permit granted by the City of Savannah, the plaintiffs did not seek relief by injunction until after the building had substantially progressed to completion.

In *Dulin* v. *Caldwell & Co.*, 28 *Ga.* 117, it was held: "A party is not entitled to an injunction who shows that he has been negligent and careless in guarding his rights, and that if he has been subjected to loss it was because he had not attended to his interests in proper time." In *Wood* v. *Macon & Brunswick Railroad Co.*, 68 *Ga.* 541 (6), it was ruled that the writ of injunction is designed to prevent, and not to undo, and if the application for injunction is delayed until progress or construction has been made at heavy cost, the application should not be granted. In *Southern Marble Co.* v. *Darnell*, 94 *Ga.* 232 (4) (21 S. E. 531), it was held: "If the owner stood by while the ditch or canal was being constructed at a heavy expense, and made no objection and took no steps to prevent the work or its consequences, until after completion, he would be estopped from afterwards obtaining an injunction against the use of the ditch or the continuous diversion of the water by means of the same." In *Holt* v. *Parsons*, 118 *Ga.* 895 (45 S. E. 690), it was held that a party is not entitled to an injunction who has negligently suffered large expenditures to be made by the other party, upon whom great injury would be inflicted by the injunction. In *City of Marietta* v. *Dobbins*, 150 *Ga.* 422 (104 S. E. 444), it was held that the petitioners had knowledge that the paving was being done and took no steps to enjoin the prosecution of the work until it had been almost completed, and that in such circumstances they were estopped by their neglect prior to the filing of their petition for injunction.

Under the evidence in the present case, the defendant Whipkey will be substantially injured and damaged if the plaintiffs are permitted to prevail, after allowing the work to proceed to the point indicated by this record.

Counsel for the plaintiffs cite and rely upon *Barton* v. *Hardin*, 204 *Ga.* 108 (48 S. E. 2d, 882). It is contended that the authority of the City of Savannah to zone does not carry with it the authority to rezone, and that, under the rulings in the *Barton* case, the ordinance of the city purporting to rezone the property in question is void and ultra vires. The record in the *Barton* case reveals that the applicants for injunction in that case moved before the publication of the notice required before

the amending resolution would become operative. It further appears in the *Barton* case that the petition for injunction was filed prior to the time any construction was begun upon the premises involved.

It is further contended by the plaintiffs that, under the ruling of *Snow* v. *Johnston,* 197 *Ga.* 146 (28 S. E. 2d, 270), the rezoning of one city lot is unreasonable and arbitrary. The facts of the *Snow* case make it inapplicable to the facts of the present case. In the *Snow* case there was no such notice to the applicants for injunction as appears in the present record. It does not appear that the applicants for injunction in the *Snow* case had any notice of what was proposed prior to the actual changes in the building to make it suitable for the purposes intended. No notice by publication was given, and public hearings by the mayor and council, such as are shown in the present case, were not had. The facts in *Barton* v. *Hardin,* supra, and in *Snow* v. *Johnston,* supra, clearly distinguish those cases from the present case.

Under all of the facts shown by the record in the present case, the plaintiffs have not given effect to the equitable rights of the defendant, in that, through their neglect and delay, it is impossible to grant the relief sought without material damage to the defendant, which might have been avoided had the plaintiffs moved at the proper time.

*Judgment reversed. All the Justices concur.*