HARDIN *v.* CROFT.

HAWKINS, Justice. 1. When the question of. the power of the County Commissioners of Roads and Revenues of Richmond County, Georgia, to make any exception with respect to the status of a particular district or area already zoned, by amending or repealing in whole or in part a zoning ordinance enacted in accordance with the authority delegated by the act of 1938 (Ga. L. 1937-38, p. 414) as amended by the act of 1939 (Ga. L. 1939, p. 406), was previously before this court, it was held that the said Commissioners of Richmond County were without authority to amend a valid zoning ordinance by rezoning an isolated strip of a previously zoned area so as to permit it to be used for a purpose prohibited by the prior zoning ordinance. *Barton* v. *Hardin,* 204 *Ga.* 108 (48 S. E. 2d, 882).

2. While the amendment of the foregoing zoning statutes by the act approved February 25, 1949 (Ga. L. 1949, p. 1878), which provides "that any said district or zone created hereby may be unzoned upon the written petition of fifty-one percent of the real property owners in said zone or district," authorized the commissioners to "unzone" any "zone" or "district" previously zoned, upon the written petition of fifty-one percent of the real property owners in the zoned district, the commissioners are still without authority to amend a previously adopted valid zoning ordinance by rezoning the same isolated strip involved in the *Barton* v. *Hardin* case, supra, consisting of approximately one acre, fronting 130 feet on one road and 136 feet on another road, so as to permit it to be used for a purpose prohibited by the provisions of the prior general zoning ordinance covering an area approximately two miles long and sixteen hundred feet wide. *Snow* v. *Johnston,* 197 *Ga.* 146, 159 (28 S. E. 2d, 270); 58 Am. Jur., 965, § 39.

3. A property owner residing in that portion of a county in which a zoning ordinance is of force may properly apply for an injunction against the construction of a building to be used in the operation of a business within the zoned area, in violation of the zoning ordinance (*Snow* v. *Johnston,* 197 *Ga.* 146 (1), 28 S. E. 2d, 270), and is not relegated to a writ of certiorari to review an action of the zoning authority alleged to be void. The writ of certiorari will not lie when the attack on the ordinance in question is on the ground that it is void. *Georgia Public Service Commission* v. *Atlanta Gas Light Co.,* 205 *Ga.* 863 (55 S. E. 2d, 618), and cases cited.

4. Applying the foregoing principles to the allegations of the petition in this case, the trial court properly overruled the general and special demurrers thereto.

*Judgment affirmed. All the Justices concur.*

No. 17127. July 11, 1950.

*Pierce Brothers,* for plaintiff in error.
*W. D. Lanier,* contra.