### SIROTA *et al.* v. KAY HOMES INC.

CANDLER, Justice. The plaintiffs in error, who were also plaintiffs in the trial court, had for some time before this litigation was instituted, owned and occupied as homes certain parcels of realty in the City of Atlanta which are separate parts of an area restrictively zoned for residential purposes by an ordinance of December 20, 1929. On the defendant's application therefor, the Mayor and General Council of the City of Atlanta, on December 6, 1950, passed an ordinance rezoning a described vacant portion of the area here involved from residence to business uses. Alleging that the rezoning ordinance was void for want of required notice, the plaintiffs sought and were denied injunctive relief. The exception here is to that judgment. *Held*:

1. The grant or refusal of an interlocutory injunction rests in the sound legal discretion of the trial judge, according to the circumstances of each case (Code, § 55-108); and where the evidence is conflicting, his discretion will not be controlled, unless it is apparent that he has abused it. *Jones* v. *Lanier Development Co.*, 188 *Ga.* 141, 145 (1) (2 S. E. 2d, 923), and cit. But the rule that the Supreme Court will not interfere with the discretion of the trial judge in granting or refusing an interlocutory injunction where the evidence is conflicting does not apply when the question to be decided by him is one of law. *Washington National Ins. Co.* v. *Mayor &c. of Savannah*, 196 *Ga.* 126 (26 S. E. 2d, 359).

2. A property owner residing in that portion of a city which has been zoned exclusively for residential purposes may properly apply for injunctive relief to restrain the construction of a building to be used for business purposes within that area (*Snow* v. *Johnston*, 197 *Ga.* 146 (1), 28 S. E. 2d, 270), and such owner is not relegated to a writ of certiorari to review an action of the zoning authority alleged to be void; and that is true because the writ of certiorari does not lie to review

void action. *Allied Mortgage Companies* v. *Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45); *Georgia Public Service Comm.* v. *Atlanta Gas Light Co.,* 205 *Ga.* 863 (55 S. E. 2d, 618); *Hardin* v. *Croft,* 207 *Ga.* 115 (60 S. E. 2d, 395).

3. It is essential to the validity of a municipal ordinance rezoning realty that notice be given, and opportunity for hearing be afforded, to those whose rights will be affected by the proposed zoning regulation. *Jennings* v. *Suggs,* 180 *Ga.* 141 (178 S. E. 282). In the instant case, the evidence shows without dispute that the property sought to be rezoned is a wooded or partially wooded area lying along a named street for a distance of 864 feet, and that the only sign posted for notice of its proposed rezoning was one measuring three feet by four feet which was placed on a tree about midway its length. There was introduced in evidence a certified copy of an ordinance of the City of Atlanta, passed February 17, 1941, and approved February 19, 1941, the first sentence of which .is as follows: " 'Public notice' of a hearing on petitions to amend the zoning ordinance means that such property or properties under .petition shall be placarded by petitioner or petitioners with a sign or signs measuring at least *12 square feet.*" (Italics ours.) The Code of the City of Atlanta, as adopted April 6, 1942, and approved April 9, 1942, has a subsection numbered 93-202 (o), which was also introduced in evidence, and the first sentence of it reads: " 'Public notice' of a hearing on petitions to amend zoning ordinance means that any property or properties under petition shall be placarded by petitioner or petitioners with a sign or. signs measuring at least *12 feet square.*" (Italics ours.) The city's Code of 1942, as the record shows, has an adopting ordinance, section 4 of which reads as follows: "All ordinances and parts of ordinances in conflict herewith are hereby repealed." Respecting the notice presently required for rezoning, the defendant in error contends that the size of the sign which must be posted for that purpose is one containing at least "12 square feet" as prescribed by the ordinance of 1941, and not one at least "12 feet square" as fixed by the city's code of 1942, because the change in dimension "was the result of a clerical or typographical error on the part of the codifiers in compiling the city Code." To this we do not agree. Where the law is changed by official codification, it must be given effect, not because of any power of legislation in the codifiers, but because of the adopting statute. *Atlanta Coach Co.* v. *Simmons,* 184 *Ga.* 1 (190 S. E. 610); *Maddox* v. *First National Bank of Jefferson,* 191 *Ga.* 106 (11 S. E. 2d, 662), and cases there cited. In the ordinance of 1941 and the quoted section of the city's code of 1942, there is a material difference between the two irreconcilable phrases relating to notice, actually a variation in measurement of 132 square feet; and this court is not authorized to say that the city did not designedly change its law on that subject, as it unquestionably had a right to do, and the subsequent provision for notice of rezoning prescribed by the city's official code of 1942 must prevail over that previously fixed by the city's ordinance of 1941, because the city's legislative act in adopting its code of 1942 had the force and effect of enacting into one ordinance all of the provisions of that code, the legal adoption of which is

not here questioned. See, in this connection, *Central of Ga. Ry. Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L.R.A. 518); *Stone* v. *Georgia Loan & Trust Co.,* 107 *Ga.* 524 (33 S. E. 861); *Elder* v. *Home Building & Loan Assn.,* 188 *Ga.* 113, 115 (3 S. E. 2d, 75, 122 A.L.R. 738); *Atlanta & West Point R. Co.* v. *Wise,* 190 *Ga.* 254 (9 S. E. 2d, 63). Where a codification of city ordinances is official and a true code is created, all matter contained therein, new and old, has the effect of law, and prior conflicting ordinances are impliedly repealed thereby. *Kiser Co.* v. *Bonnett,* 157 *Ga.* 555 (122 S. E. 338); Sutherland Statutory Construction (3d. ed.), § 3708. And where, as here, the language of a code section is plain, unambiguous and positive, and is not capable of two constructions, no court has a right to construe it to mean anything other than what it declares, and this rule, of course, precludes the courts from construing it according to what is supposed to be the legislative intent. *Floyd County* v. *Salmon,* 151 *Ga.* 313 (106 S. E. 280); *Fidelity & Casualty Co. of New York* v. *Whitaker,* 172 *Ga.* 663, 667 (158 S. E. 416); *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d, 355); *Thompson* v. *Eastern Air Lines,* 200 *Ga.* 216, 224 (39 S. E. 2d, 225). By article 1, section 1, paragraph 23, of the Constitution of 1945 (Code, Ann. Supp., § 2-123), providing for a division of governmental powers, the judiciary cannot modify, amend, or repeal legislative action, nor concern itself with the wisdom of it; that is a field in which only the Legislative Department may work. *Barnes* v. *Carter,* 120 *Ga.* 895, 897 (48 S. E. 387). If the rule respecting official codes were different, no one could with any degree of confidence and safety rely upon them and the codification of laws would, in that event, be only an idle gesture. *City of Atlanta* v. *Gate City Gas Light Co.,* 71 *Ga.* 106, and *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388), cited and relied upon by the defendant in error, are not in conflict with the ruling here made; on their facts they are clearly distinguishable, and no useful purpose would be served in specifically pointing out their differentiating facts. We conclude by saying that the city's official code of 1942, its last legislative expression on the question of notice required for the purpose of rezoning, must control.

4. Since, admittedly, notice of the proposed zoning regulation was not given the plaintiffs as required by the provisions of the city's code of 1942, the rezoning ordinance of December 6, 1950, was void; and, that being true, the refusal to grant a temporary injunction was an abuse of legal discretion and therefore erroneous. Having reached this conclusion, it is unnecessary for us to pass on any other question presented.

*Judgment reversed. All the Justices concur.*

No. 17451. Argued April 10, 1951—Decided May 15, 1951—Rehearing denied June 13, 1951.

*M. Neil Andrews, I. T. Cohen, Charles W. Bergman,* and *Saul Blau,* for plaintiffs.

*Sidney Parks, William G. Grant,* and *Grant, Wiggins, Grizzard & Smith,* for defendant.