41441. WALKER et al. v. BARRETT et al.

ARGUED JULY 6, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED OCTOBER 15, 1965.

*Luther Hames, Lawrence B. Custer,* for plaintiffs in error.
*Edwards, Bentley, Awtrey & Parker, A. Sidney Parker,* contra.

HALL, Judge. A petition for declaratory judgment must allege facts and circumstances which show that an adjudication of the plaintiff's rights is necessary to relieve the plaintiff from the risk of taking some future undirected action which, if taken without judicial direction, might reasonably jeopardize his interest. *Mayor &c. of Athens v. Gerdine,* 202 Ga. 197 (42 SE2d 567); *State of Ga. v. Hospital Authority of Gilmer County,* 213 Ga. 894, 899 (102 SE2d 543); *McCallum v. Quarles,* 214 Ga. 192, 193 (104 SE2d 105); *Rowan v. Herring,* 214 Ga. 370, 373 (105 SE2d 29); *Brewton v. McLeod,* 216 Ga. 686, 691 (119 SE2d 105). This petition alleges that the plaintiffs are uncertain about the identity and authority of the "Cobb County Commission" which has applied for and given public notice of a hearing on a proposed re-zoning and revocation of a land-use permit affecting the plaintiffs' property, and are uncertain whether or not they (the plaintiffs) should appear at the hearing. The

petition names as defendants individuals alleged to be the Commissioners of Roads and Revenues of Cobb County, which is the governing authority of Cobb County (Ga. L. 1964, Ex. Sess., pp. 2075, 2076); and the members of the Cobb County Planning Commission, who are given certain powers and duties by Ga. L. 1956, pp. 2006, 2008 et seq. The plaintiffs seek a declaration that acts of these officials alleged in the petition are illegal.

It appears that any issue as to the manner of instituting the proceeding, or the regularity of the notice to the plaintiffs, and any issue as to the power of the Commissioners of Roads and Revenues to apply for the proposed changes affecting the use of the plaintiffs' property, can be raised before that body. Unquestionably the plaintiffs have rights to notice and hearing, in the manner prescribed by law, on the proposed re-zoning and the revocation of a land-use permit, and rights to raise and have determined the issues alleged in the present petition. Ga. L. 1956, pp. 2006, 2012; Ga. L. 1964, pp. 3181, 3184; *Rogers v. Mayor &c. of Atlanta,* 110 Ga. App. 114 (137 SE2d 668); *Hardin v. Croft,* 207 Ga. 115 (60 SE2d 395); *Sirota v. Kay Homes, Inc.,* 208 Ga. 113 (65 SE2d 597). The petition does not show that these existing and accrued rights will be endangered by the plaintiffs' appearance at the hearing of which the plaintiffs have been notified, whether or not the proceedings are conducted by authorized officials and comply with the requirements of law. The petition does not set forth a cause for declaratory judgment. *State Hwy. Dept. v. Georgia, S. & F. R. Co.,* 216 Ga. 547, 548 (117 SE2d 897); *Dunn v. Campbell,* 219 Ga. 412, 414 (134 SE2d 20).

In *City of Waycross v. Boatright,* 104 Ga. App. 685 (122 SE2d 475), upon which the plaintiffs rely, the petition for declaratory judgment showed that the plaintiff desired to use his property for business purposes and was uncertain of his right to do so because of the existence of a purportedly invalid zoning ordinance. Undertaking to use property for business purposes would normally entail investing money, and to do so when uncertain that such use is legal is a risk that the court can eliminate by declaring the plaintiff's rights. The petition in the

present case shows no such jeopardy to the plaintiffs' interests.

The trial court did not err in sustaining the defendants' oral motion to dismiss the petition.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*