28969. HOLDERNESS v. LANDS WEST, INC.

JORDAN, Justice.

This appeal is from the grant of a temporary

injunction and denial of a motion for summary judgment in Carroll Superior Court.

Lands West, Inc., plaintiff-appellee, gave a deed to secure debt to Sidney Holderness III, defendant-appellant in 1973. The security deed contained the following covenant: "Grantor covenants and agrees, so long as any indebtedness secured hereby shall remain unpaid, to keep the property and all improvements thereon in as good condition as now exists, natural wear and tear excepted; and not to demolish, destroy, or remove any permanent structure now existing on the premises or make any alteration thereon that would constitute a structural change without the written consent of the Grantees."

Additionally, the security deed contained a provision which permits the release of land upon the payment of a sum certain per acre. The release formula required that the percentage of road frontage in the releases should not exceed the percentage of land released, and that all such tracts released should be contiguous to each other. The formula had no requirement that the presence or absence of buildings would affect the price paid for such releases.

Lands West, Inc. without written consent pushed down and buried a building located on a portion of the property covered by the security deed. Holderness notified Lands West, Inc. that such action constituted a breach of the covenant and demanded the entire balance of the indebtedness with notice that he expected to foreclose pursuant to powers contained in the deed. All payments of principal and interest had been made. Lands West, Inc. tendered $8,000 to Holderness to release that portion of the land upon which the building had been located, but Holderness did not accept, and continued to decline acceptance of the offer.

This action arose when Lands West, Inc. sought to enjoin the proposed sale and foreclosure. Holderness made a motion for summary judgment. A hearing was held at which conflicting testimony was presented. Holderness contended that the building was a habitable farmhouse which was covered by the security deed. Lands West, Inc. contended that the building was uninhabitable, that it was "ruins," and that the parties

had agreed that the building belonged to Lands West, Inc.

The trial court concluded: "that the building torn down was not such an improvement as was covered or intended under the contract," and "that the $8,000 tender was a sufficient payment for the proportionate part of the lands sought to be taken, which had previously had the building located thereon."

The trial court entered an order which (1) enjoined Holderness from foreclosing or advertising for sale under the power of foreclosure in his security deed until further order of the court, and (2) overruled the motion for summary judgment filed by Holderness. This appeal is from that order. *Held:*

1. We affirm. While the appellant enumerates five errors, the general issue before the court is whether the trial court abused its discretion in granting an interlocutory injunction. A determination of this issue requires that we consider whether the evidence authorized the trial court's conclusion that the building was not covered by the provisions of the security deed.

The deed speaks of "improvements" and "permanent structures." The appellant testified that the building was a farmhouse which had been occupied for thirty years. Appellee contends that the building was only "ruins," and not part of the security, and that the parties understood that it would be torn down. In support of his position appellee points to two provisions in the security deed. First, although under the deed the grantor agreed to keep the improvements on the property fully insured as the grantee required, in fact grantee never required insurance on the building. Second, the release provision in the deed made no distinction between improved and unimproved property, and made no reference to the building.

Appellee's witnesses gave testimony which dealt with the condition of the building, the understanding of the parties, and the purpose for which the property was to be used. Appellant testified that he knew that the property was to be developed. (The deed gives appellant the right to buy five lots from appellee at a definite price). All of this testimony suggested the temporary nature of

the building both as a physical structure and in the minds of the parties.

Appellant relies heavily on *Tybrisa Co. v. Tybeeland, Inc.,* 220 Ga. 442 (139 SE2d 302). In *Tybrisa* the deed required the written consent of the grantee before "substantial alterations" could be made to improvements on the property. The record in that case shows that the deed had a provision for the insurance of named buildings in a specific monetary amount. In addition there was a release provision which designated a definite price to be paid for the release of each building. That case was decided on the basis of uncontradicted evidence as to the removal and substantial alteration of the improvements. In *Tybrisa* there was no question that the deed covered the buildings which were altered since they were referred to specifically in the deed. In the present case a genuine issue was raised as to whether the deed covered this building which was pushed down.

The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. Code § 55-108. The evidence was conflicting on the question of whether or not the building was such an improvement as was covered or intended under the contract. On such conflicting evidence it was not an abuse of discretion to grant the injunction. See *City of Atlanta v. Williams,* 218 Ga. 379 (128 SE2d 41); *Bodzinger v. Greenfield,* 219 Ga. 310 (133 SE2d 338). The power of sale in a deed to secure debt must be strictly construed and fairly exercised. Code Ann. § 37-607.

It remains for determination whether the injunction was granted on an erroneous interpretation of the law. If so, the rule giving effect to the court's discretion on issues of fact, so that an affirmance would be required where the evidence as to the facts is conflicting, will not be given effect. *Ballard v. Waites,* 194 Ga. 427 (21 SE2d 848). Here we need only ask whether "permanent structures" and "improvements" cover the building in question as a matter of law. We are not called on to define these terms. But whatever these terms may mean, they do not as a matter of law encompass every man-made

structure no matter how old or dilapidated, regardless of its condition. Consequently, the court's conclusion that the building was not covered or intended under the contract was not an erroneous interpretation of the law. It follows that the court was authorized to find that there was no default under the contract, and since there were genuine issues of fact to be resolved, the trial court properly denied the motion for summary judgment.

2. Appellant also assigns error to the court's conclusion that the $8,000 tender was sufficient payment for the proportionate part of the lands sought to be taken, on which the building was located. Since appellant did not support this enumeration in his brief or on oral argument it is deemed abandoned.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 10, 1974 — DECIDED JULY 2, 1974.

*Word, Nicholson & Cook, Reuben M. Word,* for appellant.

*Payne, Shaw & Gore, E. B. Jones, Jr., G. Lee Smith,* for appellee.

