## 29591. GEORGIA LOAN & TRUST COMPANY v. DYER et al.

INGRAM, Justice.

This case essentially involves a dispute over the priority of two security deeds allegedly covering the same property. The plaintiff, Georgia Loan & Trust Company, brought an equitable action in the Superior Court of Union County seeking a temporary and permanent injunction against defendant Dyer to prevent him from foreclosing his security deed and a declaratory judgment that the Dyer security deed is invalid and not entitled to record. If plaintiff is successful, a security deed held by it purportedly describing property covered by the Dyer security deed, would constitute a first lien on the property described therein.

Plaintiff challenges the validity of the Dyer security deed on several grounds. First, it is contended that the description therein is so vague, general and indefinite that it is insufficient as a matter of law. Secondly, plaintiff contends that the Dyer security deed was not properly attested, and finally, that it is void for lack of consideration.

The trial court conducted an interlocutory hearing and thereafter issued its order denying all of the relief sought by plaintiff. This order of the trial court was certified for immediate review and plaintiff brought the case here on appeal.

We reach first plaintiff's contention that the Dyer security deed is void for lack of a sufficient legal description. The property is described in the Dyer security

deed as follows: "3/4 acres, more or less, of Lot of Land No. 304 in the 9th District and 1st Section of Union County, Georgia, and being described as follows: Beginning at a point where this property joins the Comer Saxon property on U. S. Highway No. 19 & 129: Thence an Eastern direction with the Saxon line to an iron pin: Thence in a South direction to the Pruitt Circle: Thence in a West direction with Pruitt Circle and U. S. No. 19 & 129 to the place of Beginning."

We believe the description in this security deed is not so insufficient that it must be held void as a matter of law. "If there is enough in the writing evidencing . . . the creation of a lien on real ... property, to afford a key which, aided by extrinsic evidence, will make certain that which is apparently uncertain, then the description of the property is sufficient." *Arrendale v. Dockins,* 166 Ga. 62, 66 (143 SE 570). See also *Union Central Life Ins. Co. v. Smith,* 184 Ga. 158, 162 (190 SE 651).

Although the description in the present security deed makes no reference to a plat, the evidence considered by the trial court at the interlocutory hearing shows that a plat and other documentary evidence in existence at the time the security deed was executed could be resorted to in order to ascertain the specific boundaries of the land conveyed by the deed. This is sufficient to save an imperfect description from being regarded as insufficient as a matter of law. See *Prudential Ins. Co. v. Hill,* 170 Ga. 600 (2, 3) (153 SE 516); *Plantation Land Co. v. Bradshaw,* 232 Ga. 435, 440 (207 SE2d 49); and, Pindar, Georgia Real Estate Law, 468, § 13-54. We concur with the trial court's determination that the description contained in the Dyer security deed is not legally insufficient.

The remaining two issues in the case, i.e., whether the Dyer security deed was improperly attested and whether it is invalid for lack of consideration, cannot be finally adjudicated in this appeal. There is sufficient evidence in the transcript to authorize the trial court's denial of interlocutory relief to plaintiff and its judgment will be affirmed. *Holland Pecan Co. v. Brown,* 177 Ga. 525 (170 SE 357). However, the affirmance of the trial court's judgment must be with direction that it be considered only an interlocutory judgment since it is not conclusive

between the parties on the final trial. See *Bradley v. Roberts,* 233 Ga. 114 (210 SE2d 236); and, *Fox v. Avis Rent-A-Car Systems, Inc.,* 223 Ga. 571, 573 (156 SE2d 910).

*Judgment affirmed with direction. All the Justices concur.*

ARGUED JANUARY 16, 1975 — DECIDED MARCH 4, 1975 — REHEARING DENIED MARCH 17, 1975.

*Jenkins & Landrum, Edgar L. Jenkins, Terry K. Floyd,* for appellant.
*Douglas W. McDonald, Claude Beck, William E. Woodside,* for appellees.