## 29943. CLARK v. NELSON.

HILL, Justice.

The trial court granted a temporary injunction upon plaintiff's complaint for specific performance of a lease and injunction against interference with plaintiff's farming operations. Defendant appeals, enumerating the issuance of that injunction as error.

In January 1974, plaintiff leased from defendant the latter's farm. The written agreement provided in pertinent part that plaintiff would pay defendant $6,000 rent for year 1974 and that "The term of this lease is for a period of one year with option to renew for two additional years at the same rental per year if the ASCS [Agricultural Stabilization and Conservation Service]

farm program is the same as now, but in the event the farm program is changed in any manner, the rental price shall be renegotiated between the parties."

After hearing, the trial court found as fact that after the defendant was offered $7,000 rent for his farm for the year 1975 by a third party, the plaintiff tendered the sum of $6,000. The trial court also found that although, as expected, there had been some change in parity affecting some crops and some change in allotments for the year 1975, there had been no change in the "ASCS farm program" affecting this farm within the meaning of this agreement.

Although the intention of the parties to this agreement as to the meaning of the "ASCS farm *program*" was contested, there is evidence to support the decision of the trial court that the "program" had not changed.

Where the evidence is conflicting at an interlocutory hearing to determine whether or not the lower court should grant or deny a temporary injunction, it cannot be said that the court abused its discretion in either granting or refusing an injunction. *Franklin v. Sing-Wilkes, Inc.,* 215 Ga. 596 (1) (112 SE2d 618), and cases cited.

In this case the complaint was filed February 3, 1975, hearing was held February 12, and the temporary injunction was issued March 14. If the temporary injunction had not issued, plaintiff would have been evicted and could not be restored to his rights for the 1975 crop year if successful upon final trial. However, by preserving the status quo, if the defendant is successful upon the trial, then the defendant can be made whole by increased rent.

The trial court did not abuse its discretion by granting the temporary injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1975 — DECIDED JUNE 24, 1975.

*Clarence A. Miller,* for appellant.
*Floyd H. Wardlow, Jr.,* for appellee.