### 30707. McGREGOR et al. v. TOWN OF FORT OGLETHORPE et al.

INGRAM, Justice.

Appellants, on behalf of themselves and other citizens, residents and taxpayers of the Town of Fort Oglethorpe, filed a complaint seeking injunctive and declaratory relief against the appellees, Town of Fort Oglethorpe, the Post Recreation Association (PRA), and the Catoosa County School District, in the Superior Court of Catoosa County in June, 1974. They prosecute this appeal from the judgment of the trial court entered July

11, 1974, which dismissed their complaint for failure to state a claim.

The primary purpose of the suit was to enjoin the appellees from constructing an athletic field on property formerly used as a parade ground by the Fort Oglethorpe Cavalry Post. The appellants were motivated by the belief that the construction would destroy the historic integrity of the Old Cavalry Post and would render the Post ineligible for selection to the National Register of Historic Sites.

Upon the filing of the complaint, a rule nisi was issued which scheduled a hearing on the interlocutory injunction for June 19, 1974. At the hearing, after the appellants had presented evidence in support of their claim, appellees made a motion to dismiss for failure to state a claim. The trial court took the motion under advisement and on July 11, 1974, entered an order dismissing the complaint. As the evidence adduced at the hearing was not reported by a court reporter, a transcript of evidence and proceedings had to be prepared from recollection by counsel for the parties and the trial court and it has been filed by agreement, pursuant to Code Ann. § 6-805 (g), as part of the record on appeal. This accounts for the delay in perfecting the appeal filed to this court as the case was not submitted here for decision until the January, 1976, term of court.

The initial task of framing the issues in this case necessarily involves a determination of the effect of the July 11 order of the trial court. Clearly, that order purports to be a final judgment adjudicating all issues of law and fact in the case. However, the record and, indeed, the order itself also shows that the order was based upon evidence admitted at a hearing on an application for an interlocutory injunction rather than at a hearing on a motion for summary judgment. Appellants' complaint was filed June 7, and at the time of the hearing, June 19, the appellees had not yet filed any motions or responsive pleadings, but stated they would file pleadings within the time provided by law. Appellees' motion to dismiss the complaint was not made until after the appellants had presented their evidence. Thus, the June 19 hearing cannot properly be considered as a hearing on a motion for

summary judgment. See Code Ann. § 81A-156 (c), and, furthermore, there is no evidence which indicates that the trial court ordered the hearing on the application consolidated with the trial of the action on the merits pursuant to Code Ann. § 81A-165 (a) (2).

Since the June 19 hearing was on an application for an interlocutory injunction, the trial court was not authorized to finally adjudicate issues of fact. At such a hearing the trial court "should determine questions of evidence only to the extent necessary to decide whether interlocutory relief should be granted . . . The finding of fact made in the trial court's order is not final and is not conclusive between the parties on the final trial." *Bradley v. Roberts,* 233 Ga. 114 (210 SE2d 236) (1974). Thus, the July 11 order should not be treated as a final judgment, but, rather, should be considered only as an interlocutory judgment. See *Georgia Loan &c. Co. v. Dyer,* 233 Ga. 957, 958 (213 SE2d 864) (1975).

The decisive issue in this appeal is the defense of laches raised by the appellees at the interlocutory hearing. At the time suit was filed and the June 19 hearing was conducted, construction of the project had commenced to the extent that large excavations had already been made on the property. The evidence showed that expenditures had been made and expenses incurred by the appellees in connection with the project. "It is well settled . . . that the extraordinary equitable relief of injunction will be denied a party where, with full knowledge of his rights, he has been guilty of delay in asserting them, and has allowed large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction." *Bacon v. Edwards,* 234 Ga. 100, 102 (214 SE2d 539) (1975) and cits. See also *Goodwin v. First Baptist Church,* 225 Ga. 448, 449 (169 SE2d 334) (1969); and *Whipkey v. Turner,* 206 Ga. 410 (2) (57 SE2d 481) (1950).

The trial court concluded on the basis of the evidence before it that the appellants were guilty of laches and were not entitled to an interlocutory injunction. This conclusion should not be interfered with on appeal in the absence of a showing that the trial court manifestly abused the discretion vested in it to grant or deny

interlocutory injunctions. *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631, 636 (198 SE2d 503) (1973). See also *Clark v. Nelson,* 234 Ga. 644, 645 (217 SE2d 158) (1975); *Holderness v. Lands West,* 232 Ga. 452, 455 (207 SE2d 464) (1974). While there is some evidence that the appellees occasioned at least part of the delay in filing suit by admonishing the appellants to "trust them," in regard to the use of the property, nevertheless, the evidence of laches, viewed as a whole, does not show that the trial court abused its discretion by denying an interlocutory injunction. The case will be affirmed with direction that the July 11th order of the trial court be treated solely as an order denying the interlocutory injunction sought by appellants. *Georgia Loan &c. Co. v. Dyer,* supra.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED APRIL 7, 1976 — REHEARING DENIED APRIL 27, 1976.

*Hatcher & Daniel, Ross L. Hatcher, III,* for appellants.

*Wayne Snow, Jr.,* for appellees.

ON MOTION FOR REHEARING.

The court reaffirms its ruling in the original opinion. No adjudication is made on the final issues in the case. They remain for disposition in the trial court. The trial judge's order, dated July 11, 1974, is treated only as an order denying an interlocutory injunction and is affirmed with that direction.

*Motion denied. All the Justices concur.*