## 35304. CLEAR-VU CABLE, INC. v. TOWN OF TRION et al.

HILL, Justice.

On January 22, 1970, the Mayor and Council of the Town of Trion entered into a franchise agreement with Boyce Dooley granting Dooley an exclusive franchise for a period of twenty (20) years to erect, maintain and operate an antenna television (cable) transmission and distribution facility in the Town of Trion. Boyce Dooley assigned the franchise to Clear-Vu Cable, Inc., a corporation of which he is the president and general manager. Clear-Vu Cable then constructed the facility and began services furnishing twelve (12) channels to all customers in Chattooga County, including the Town of Trion.[1] When soliciting customers, Clear-Vu Cable advertised extensively that it would provide twelve channels.

In May, 1978, Clear-Vu Cable requested that the franchise agreement be amended to remove section 19. Section 19 provides, in relevant part, ". . . the charges by grantee shall be fair and reasonable and . . . shall initially be as follows: . . . Unless prior approval of the Mayor and Council is first obtained, charges for monthly transmission service shall not be in excess of $5.00 per month for the first television receiving set [per customer] and $1.00 per month for each additional television receiving set . . ."[2] Following negotiations, on December 11, 1978, Clear-Vu made a written request for an increase to $6.90 per month beginning January 1. The Mayor and Council requested financial data in order that they might consider the requested rate increase. Clear-Vu did not furnish the data but instead, on February 1, 1979, placed

---

[1] Plaintiffs alleged, and defendant admitted, that "Almost, if not from the beginning of its cable-TV transmission over six years ago, defendant has furnished its subscribers . . . throughout Chattooga County twelve channels of transmission service."

[2] At some point in time not evidenced in the record, an increase to $5.75 apparently has been approved. Whether

traps in all distribution lines in the Town of Trion which eliminated three channels, reducing the number of channels received in Trion to 9. Some 75 subscribers discontinued service by Clear-Vu Cable as a result of the elimination of these three channels.

The Town of Trion and a group of citizens composed of both current and former subscribers of Clear-Vu Cable brought this suit, alleging inter alia that Clear-Vu Cable's action in discontinuing three channels (1) amounts to an unapproved rate increase, (2) was taken without making a bona fide effort to procure a rate increase under section 19, (3) was unfair and discriminatory in that other Chattooga County subscribers still receive 12 channels, (4) was taken to force the Mayor and City Council to abandon their responsibility under section 19, and (5) was contrary to equity and good conscience. The plaintiffs further alleged that they were suffering irreparable harm and had no adequate remedy at law, and prayed for injunctive relief.

Clear-Vu Cable answered, denied that the plaintiffs had stated a claim, and alleged that it had eliminated the three channels to save on expenses. Clear-Vu relied on section 8 of the franchise, which provided: "The grantee shall provide a minimum of four (4) channels available to grantee's customers at any one time, provided satisfactory reception of a minimum of four (4) channels is available in the area."

Following a hearing, the trial court granted preliminary injunctive relief to the plaintiffs, restraining Clear-Vu Cable from blocking out channels in the Town of Trion which are carried throughout its system and specifically from blocking out the three channels at issue.

Clear-Vu Cable appeals, arguing that the franchise cannot be construed so as to require it to provide more than 4 channels and that even if it could, the plaintiffs have an adequate remedy at law and are not entitled to equitable relief.

---

Clear-Vu obtained the increase on the basis that it was furnishing 12 channels has not been shown on this record.

1. The trial court was authorized to construe the franchise against the defendant because the evidence shows that the franchise agreement was not drafted by the town but was presented to it by Boyce Dooley, defendant's president and assignor. Georgia by statute follows the rule expressed in the Restatement of Contracts 2d, § 232 (tent. draft): "In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds." Code Ann. § 20-704 (5).

In this connection, we also approve the Restatement position, insofar as public contracts are concerned, that "In choosing among the reasonable meanings of a promise or agreement or a term thereof, a meaning that serves the public interest is generally preferred." Id., § 233. See *Atlanta & W. P. R. v. Camp,* 130 Ga. 1, 6-7 (60 SE 177) (1907). Again, insofar as public franchises are concerned, we adopt the Restatement view that "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Id., § 231.

The franchise at issue requires in section 8 that Clear-Vu "provide a minimum of four (4) channels available to grantee's customers at any one time, provided satisfactory reception of a minimum of four (4) channels is available in the area." The franchise also provides, in section 10, that "The ... distribution equipment shall be ... maintained so as to provide pictures on subscriber receivers throughout the system essentially of the same quality as those received at the antenna site . . ." and, in section 11, that "the distribution system of the grantee to be hereafter installed shall not be abandoned, either in whole or in part, without the consent of the Mayor and Council of the Town . . . Constructions, extensions and provisions of service shall be pursued by grantee with due diligence . . ." Reading the agreement in its entirety and applying the applicable rules of construction, we read section 8 relied on by Clear-Vu as establishing the minimum number of channels to be furnished by Clear-Vu, not as establishing that Clear-Vu is only

obligated to furnish reception on four channels.

The town argues that it stands ready to consider a request for a rate increase as soon as it is provided with financial data on which it can base a decision. Clear-Vu argues that it must terminate provision of three channels to Town of Trion subscribers absent a rate increase, but it has produced no financial data showing this to be the case.[3] The trial court did not abuse its discretion in enjoining Clear-Vu from continuing to block the three channels at issue. *Chattahoochee Plantation Club, Ltd. v. Robmac, Inc.,* 241 Ga. 470 (246 SE2d 195) (1978); *Clark v. Nelson,* 234 Ga. 644 (217 SE2d 158) (1975); Code Ann. § 55-108.

2. Clear-Vu Cable also argues that an injunction will not lie because its customers have adequate remedies at law by suing for damages for breach of their subscription contracts. We do not agree. No showing has been made that damages for the loss of three television channels can be adequately measured. " 'A remedy at law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.' " *Atlantic C. L. R. v. Gunn,* 185 Ga. 108, 110 (194 SE 365) (1937). Clear-Vu Cable will not be heard to argue that its customers have not been irreparably harmed because they can get just as good reception by installing outside antennas. Therefore equitable relief was appropriate.

*Judgment affirmed. All the Justices concur, except Bowles and Marshall, JJ., who concur in the judgment only.*

ARGUED SEPTEMBER 18, 1979 — DECIDED OCTOBER 21, 1979 — REHEARING DENIED DECEMBER 4, 1979.

---

[3]Witnesses for Clear-Vu did testify that the company saves some money by trapping the three channels, but they did not specify how much is saved.

*Boney & Boney, F. H. Boney, William U. Hyden, Jr.,* for appellant.

*Robert E. Surles,* for appellees.