43408. BAILEY INVESTMENT COMPANY v. AUGUSTA-RICHMOND COUNTY BOARD OF ZONING APPEALS et al.
(345 SE2d 596)

MARSHALL, Chief Justice.

The question for decision in this case is whether a classification in a local zoning ordinance constitutes an unconstitutional denial of equal protection. For reasons which follow, we hold that it does.

Bailey Investment Company owns an apartment complex which was zoned R-3B (multi-family) under the Comprehensive Zoning Ordinance of the City of Augusta and Richmond County (referred to hereinafter at times as the zoning ordinance). This zoning ordinance was enacted in 1963. Although the R-3B zoning classification authorizes the construction of a total of 78 units on the subject property, only 52 apartment units were initially constructed. Under the rear-yard setback requirements of the 1963 zoning ordinance, when a rear yard in an R-3B zone abuts a single-family zoning district no structure may be constructed within 25 feet of the zone boundaries. However, the zoning ordinance was amended in 1983. Under § 17-6 (c) of the 1983 amendment, the 25-foot rear-yard setback requirement for R-3B zones abutting single-family zones has been retained. However, two additional provisions were enacted. First, § 17-6 (c) also provides that if a six-foot brick or stucco wall is constructed along the entire property line, the minimum setback is 15 feet. But, the rear-yard requirements of the 1963 zoning ordinance continue to apply to all properties zoned R-3B on the effective date of the 1983 ordinance.

Bailey Investment Company is seeking to construct 24 additional units on its property, and Bailey also seeks to take advantage of the provision of the 1983 ordinance authorizing a 15-foot setback if a six-

foot brick or stucco wall is constructed along the property line. The Augusta-Richmond County Planning Commission refused to approve the site plan, and the Augusta-Richmond County Department of Inspectors refused to issue a building permit, on the ground that under § 17-6 (c) the provision concerning 15-foot setbacks where brick or stucco walls are constructed does not apply to properties zoned R-3B on the effective date of the 1983 ordinance. Bailey appealed to the Augusta-Richmond County Board of Zoning Appeals, arguing that it has been thereby denied equal protection of the law. The board denied Bailey's constitutional attack. Bailey appealed to the superior court, which likewise denied its constitutional attack. This appeal follows. *Held*:

A classification in a zoning ordinance is arbitrary and offends the equal protection clauses of the State and Federal Constitutions unless it has some fair and substantial relation to the object of the legislation and furnishes a legitimate ground of differentiation. *Geele v. State*, 202 Ga. 381 (43 SE2d 254) (1947) and cits.

Here, the defendants argue that § 17-6 (c)'s non-retroactivity provision is not arbitrary, in that the zonings of properties as R-3B under the 1963 ordinance were predicated on the assumption that the rear-yard setback requirements established in the 1963 ordinance would be applicable. Citing *Sirota v. Kay Homes, Inc.*, 208 Ga. 113 (2) (65 SE2d 597) (1951), the defendants further argue that to allow such properties to be governed by the more lenient requirements of the 1983 ordinance, without notice and an opportunity for adjacent property owners to be heard, would infringe upon these parties' rights. We disagree.

Use regulations in zoning ordinances, as well as requirements as to the density of residential occupancy, are separate and distinct from rear-yard setback provisions. The legislative determination underlying the 1983 zoning ordinance is that the rights of adjacent property owners are equally protected by a 25-foot rear-yard setback requirement where a brick or stucco wall is not built, or a 15-foot setback requirement where such a wall is built. Thus, the adjoining property owners' rights have not been affected in any legally cognizable sense. We hold that the zoning classification in this case is arbitrary and unreasonable and, thus, violates the equal protection clauses of the State and Federal Constitutions.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 16, 1986.

*Patrick J. Rice*, for appellant.

*Nixon, Yow, Waller & Capers, Charles C. Stebbins III*, for appellees.