## S00A0794. OWENS et al. v. INK WIZARD TATTOOS.

(533 SE2d 722)

BENHAM, Chief Justice.

Appellants Mitchell and Mechelle Owens, a married couple, were each formerly employed by appellee Ink Wizard Tattoos ("Ink Wizard") in supervisory capacities. Mr. Owens was the manager of appellee's Macon tattoo studio and Mrs. Owens was the assistant manager of the Stockbridge studio. Mrs. Owens' employment was terminated in May 1998 and three months later Ink Wizard officials discovered that Mr. Owens had vacated the premises of the Macon studio and was working for a new tattoo studio, Skin Images Tattoos and Body Piercing ("Skin Images"). In December 1998, Ink Wizard filed suit against the Owenses seeking an accounting from each of them and alleging that the Owenses had converted corporate property to their personal use and that Mr. Owens had tortiously interfered with Ink Wizard's relationship with its customers. Ink Wizard also sought a temporary and permanent injunction against the Owenses' operation of a tattoo and body-piercing business.

After an evidentiary hearing was held in October 1999, the trial court entered an order in which it determined that the Owenses had misappropriated Ink Wizard's property, including tattoo design flash,[1] for their own use and had profited therefrom by tattooing the designs of the flash on customers at Skin Images. The trial court found that the misappropriation of the flash caused Ink Wizard irreparable harm and left Ink Wizard with no adequate remedy at law. Based on the evidence presented and having balanced the equities, the trial court issued an interlocutory injunction which prohibited the Owenses from using the described tattoo design flash for profit pending the trial of the case. The Owenses appeal from the order granting the interlocutory injunction.

It is clear that a lower court's grant or denial of a temporary injunction " 'will not be interfered with in the absence of manifest abuse. [Cit.]' " *Slautterback v. Intech Mgmt. Svcs.*, 247 Ga. 762, 766

---

[1] "Flash" is the name for pre-printed tattoo designs which a customer views and then chooses from in deciding what design to have placed on the customer's body.

(279 SE2d 701) (1981). OCGA § 9-5-1 provides that an injunction may be issued to restrain "a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law." It is important to note "[i]t is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Clear-Vu Cable v. Town of Trion*, 244 Ga. 790 (2) (262 SE2d 73) (1979), citing *Atlantic Coast Line R. Co. v. Gunn*, 185 Ga. 108 (3) (194 SE 365) (1937). Based upon this law and upon reviewing the record, we conclude that the trial court was authorized to issue an injunction in this matter.

In their three enumerations of error, the Owenses allege that the trial court erred in granting injunctive relief because Ink Wizard had an adequate remedy at law; because there was no evidence on which to base the grant of the interlocutory injunction and the status quo was not in danger; and because, when the conveniences of the parties were balanced, the harm to appellants outweighed any benefit to Ink Wizard.

The Owenses' first enumeration of error is without merit. The trial court found that Mr. Owens stole the flash, and there was evidence in the record to support that conclusion. Due to the circumstances surrounding the theft of the flash, the trial court was authorized to find that there was no adequate remedy at law. *Clear-Vu Cable*, supra. At the time Ink Wizard purchased the flash, Ink Wizard made an agreement with the flash artist that the flash was to be used only by Ink Wizard and not given or distributed to any other party. In light of that agreement, an action at law would be inadequate, even though Ink Wizard might be able to recover money damages and the actual flash itself. No remedy at law would prevent the Owenses from photocopying, distributing and using the flash in violation of the purchase agreement between Ink Wizard and the flash artist. Consequently, a remedy at law would not be "as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." Id.

The second enumeration of error is without merit because the trial court had evidence upon which to base its opinion and maintained the status quo by prohibiting the Owenses from profiting from their misdeed. "The superior court may issue an interlocutory injunction to maintain the status quo until a final hearing if, by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction. [Cits.]" *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. 146 (1) (527 SE2d 856) (2000).

Finally, the Owenses' third enumeration of error is without

merit. The trial court balanced the equities and found that they favored Ink Wizard. Id. The evidence in the record regarding the theft of the flash supports this ruling.

Since there was no manifest abuse of discretion in the trial court's grant of a temporary injunction, we affirm the ruling of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Shandor S. Badaruddin*, for appellants.
*Shepherd & Johnston, William G. Johnston III*, for appellee.

